UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GMO GAMECENTER USA, INC. and GMO INTERNET, INC., <br><br> *Plaintiffs*, <br><br> - against - <br><br> WHINSTONE US, CORPORATION, <br><br> *Defendant.* | Civil Action No. 22-cv-5974 <br><br> **NOTICE OF REMOVAL** <br><br> Removed from the Supreme Court of the State of New York, New York County <br><br> Index No. 656762/2022 |

PLEASE TAKE NOTICE that Defendant Whinstone US, Corporation ("Whinstone"), by and through its undersigned counsel, hereby removes this civil action pending in the Supreme Court of the State of New York, County of New York, Index No. 656762/2022, to the United States District Court for the Southern District of New York, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.  The grounds for removal are set forth below.

## NATURE OF THE ACTION

1. The Complaint in this action, styled *GMO Gamecenter USA, Inc. v. Whinstone US, Corporation*, Index No. 656762/2022 (the "Action"), was filed in the Supreme Court of the State of New York, County of New York, on June 13, 2022.

2. Defendant first received a copy of the Summons with Notice on June 16, 2022, by email from Plaintiffs' counsel to Defendant's counsel. Thus, thirty days have not yet expired since this action became removable to this Court, and therefore removal is timely.  28 U.S.C. § 1446(b).

3. Pursuant to 28 U.S.C. § 1446(a), a copy of the Summons and Complaint filed in this action is attached as **Exhibit 1**.  A copy of the parties' stipulation extending Defendant's

time to answer to August 22, 2022 is attached as **Exhibit 2**. Copies of the papers filed by Plaintiff in connection with an application to file certain documents under seal and the Supreme Court's order denying the motion to seal are attached as **Exhibit 3**. The foregoing comprise all process, pleadings, papers and orders, if any, now on file with the state court.

4. Plaintiffs' Complaint alleges a claim for breach of a W Colocation Services Agreement (Texas) between Plaintiffs and Defendant and seeks damages in excess of $50 million. *See* Compl. ¶ 30.

## BASIS FOR REMOVAL

5. As set forth below, removal to this Court is proper because Plaintiffs' citizenship is diverse from Defendant's and the amount in controversy exceeds $75,000.

6. Except as otherwise expressly provided by Act of Congress, a civil action commenced in state court may be removed to the federal district court embracing the place where such action is pending provided that the district court has original jurisdiction over the action and the notice of removal is timely filed. 28 U.S.C. §§ 1441(a), 1446.

7. A district court has original jurisdiction over all civil actions where the amount in controversy exceeds $75,000 and the claims are between "citizens of different States and in which citizens or subjects of a foreign state are additional parties." 28 U.S.C. § 1332(a)(3).

8. A corporation is a citizen of the state or country where it is incorporated and of the state or country where its principal place of business is located. *Hertz Corp v. Friend*, 559 U.S. 77 (2010). A corporation's principal place of business is the location from which "high level officers direct, control and coordinate the corporation's activities." *Id.*

9. Defendant Whinstone is incorporated in Delaware, and its principal place of business is in Rockdale, Texas. *See* Compl. ¶ 4. Thus, Whinstone is a citizen of both Delaware and Texas for purposes of the diversity jurisdiction analysis.

10. Plaintiff GMO Internet Inc. is incorporated under the laws of Tokyo, Japan with its principal place of business in Japan and is therefore a citizen of Japan. *See* Compl. ¶ 3.

11. Plaintiff GMO Gamecenter USA, Inc. ("GMO Gamecenter") is incorporated in California and is thus a citizen of California. *See* Compl. ¶ 2.

12. In addition, although the Complaint alleges that GMO Gamecenter's principal place of business is located in Houston, Texas, in fact, the location from which GMO Gamecenter's "high level officers direct, control and coordinate the corporation's activities," *i.e.*, its principal place of business, is in Tokyo, Japan, not Texas.

13. Plaintiffs' counsel has confirmed that the allegation in the Complaint that GMO Gamecenter's principal place of business is in Texas was an error and has confirmed that GMO Gamecenter's actual principal place of business is Tokyo, Japan. A copy of email correspondence from Plaintiffs' counsel to Defendant's counsel confirming the foregoing is attached hereto as **Exhibit 4**. Further, in a telephone call on July 12, 2022, Plaintiffs' counsel stated that Plaintiffs consent to removal.

14. Certain public filings also confirm that GMO Gamecenter's principal place of business is in Japan and, thus, that GMO Gamecenter is a citizen of Japan.

15. For example GMO Gamecenter's 2021 Texas Franchise Tax Public Information Report dated November 8, 2021 and filed with the State of Texas listed its "principal office" and "principal place of business" as "c/o GMO Internet INC 4-14F 26-1, Sakuragaokacho, s, 150-8512" and was signed by its Director, Hideyuki Matsui, who resides in Japan. A copy of the Public Information Report, available at https://direct.sos.state.tx.us (last visited June 24, 2022), is attached hereto as **Exhibit 5**.

16.     Accordingly, GMO Gamecenter's principal place of business is not in Texas, and GMO Gamecenter is not a citizen of Texas.  Plaintiffs are therefore completely diverse from Defendant Whinstone.

17.     As the foregoing reflects, this action originally could have been filed in this Court pursuant to 28 U.S.C. § 1332 in that it is a civil action involving claims well in excess of $75,000 and is between citizens of different states and in which a citizen of a foreign state is also a party.

18.     Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal promptly will be filed with the Clerk of the Supreme Court of New York, County of New York, and served on Plaintiffs' counsel of record.

19.     The undersigned is counsel for Defendant and is duly authorized to effect removal on its behalf.

20.     In filing this Notice of Removal, Defendant does not waive, and expressly reserves, any defenses that may be available to it, including personal jurisdiction defenses.

WHEREFORE, the undersigned Defendant submits that this action is now properly removed from the Supreme Court of the State of New York, County of New York, and is properly before this District Court.

Dated:  July 13, 2022                           FOLEY & LARDNER LLP

                                                By:  *s/Robert A. Scher*
                                                     Robert A. Scher
                                                     Rachel E. Kramer
                                                90 Park Avenue
                                                New York, NY 10016-1314
                                                Tel. 212-682-7474
                                                rscher@foley.com
                                                rkramer@foley.com

                                                *Attorneys for Defendant Whinstone US, Corporation*