UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| GMO GAMECENTER USA, INC. and GMO INTERNET GROUP, INC., <br><br> *Plaintiffs*, <br><br> - against - <br><br> WHINSTONE US, INC., <br><br> *Defendant.* | Civil Action No. 1:22-cv-05974-JPC-KHP |
| WHINSTONE US, INC., <br><br> *Counterclaim Plaintiff*, <br><br> - against - <br><br> GMO GAMECENTER USA, INC. and GMO INTERNET GROUP, INC., <br><br> *Counterclaim Defendant.* | **STIPULATION AND PROTECTIVE ORDER** |

WHEREAS, the parties in the above-captioned action (the "Parties" and each, a "Party") having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the Parties in connection with the pre-trial phase of this action:

1. Counsel for any Party may designate any document or information, in whole or in part, as "Confidential Information" if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is sensitive non-public information. Information and documents designated by a Party as Confidential Information will be stamped "CONFIDENTIAL."

2. Counsel for any Party may further designate any document or information, in whole or in part containing Confidential Information as "Highly Confidential – Attorneys' Eyes Only" if the disclosure of such information is restricted by law or would cause harm to the business,

commercial, financial or personal interests of a Party or a third party to whom a duty of confidentiality is owed and consists of: (a) proprietary information or trade secrets, such as customer lists and agreements with suppliers, customers or business partners; (b) non-public financial information, including, but not limited to, profit-and-loss calculations; (c) any information of a personal or intimate nature regarding any individual; or (d) any other category of information hereinafter given "Highly Confidential – Attorneys' Eyes Only" status by the Court. Information and documents designated by a Party as Highly Confidential – Attorneys' Eyes Only will be stamped "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." The Parties specifically reserve the right the challenge a designation of "Highly Confidential – Attorneys' Eyes Only" regardless of the substance of the designated document or information if the inability to share the information with a Party representative would impede that Party's ability to litigate its claims or defenses.

3. The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with this action.

4. In the event a Party challenges another Party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging Party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any Party that Confidential Information disclosed in this case is relevant or admissible. Each Party reserves the right to object to the use or admissibility of the Confidential Information.

5. Documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

    a. The requesting Party and counsel, including in-house counsel;

    b. Employees of such counsel assigned to and necessary to assist in the litigation;

    c. Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel;

   d. Deposition witnesses, including party and non-party witnesses;

   e. any other person agreed to by the Party producing the Confidential Information; and

   f. The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court).

  6. Documents designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by the disclosing Party shall not be disclosed by the requesting Party to any person, except:

   a. The requesting Party's outside counsel;

   b. Employees of such outside counsel assigned to and necessary to assist in the litigation;

   c. Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel;

   d. Representatives of the disclosing Party, and the particular person or persons who the requesting Party has a good faith reason to believe (based on the contents on the face of the document) either created, received or sent the particular document designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY";

   e. Any other person agreed to by the Party producing the Confidential Information or with Court permission; and

   f. The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court).

  7. Prior to disclosing or displaying the Confidential Information to any person, counsel must:

   a. Inform the person of the confidential nature of the information or documents;

b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

c. Require each such person to sign an agreement to be bound by this Order in the form attached hereto.

8. The disclosure of a document or information without designating it as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall not constitute a waiver of the right to designate such document or information as Confidential Information. If so designated, the document or information shall thenceforth be treated as Confidential Information subject to all the terms of this Stipulation and Order.

9. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving Party in a manner that is secure and confidential and shared only with authorized individuals in a secure manner. The producing Party may specify the minimal level of protection expected in the storage and transfer of its information. In the event the Party who received PII or material designated Confidential Information experiences a data breach, it shall immediately notify the producing Party of same and cooperate with the producing Party to address and remedy the breach. Nothing herein shall preclude the producing Party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving Party's failure to appropriately protect PII or Confidential Information from unauthorized disclosure.

10. Pursuant to Federal Rule of Evidence 502, the production of privileged or work-product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a Party's right to conduct a review

of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

11. Notwithstanding the designation of information as "Confidential Information" in discovery, there is no presumption that such information shall be filed with the Court under seal. The Parties shall follow the Court's procedures with respect to filing under seal.

12. At the conclusion of litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing Party or certified as destroyed, except that the Parties' counsel shall be permitted to retain their working files on the condition that those files will remain confidential and protected pursuant to the terms of this Order.

13. Nothing herein shall preclude a Party from disclosing material designated to be Confidential Information if required by law or pursuant to a valid subpoena, following notice to the other Party that such disclosure is required.

14. Upon good cause shown, and on notice to all Parties, any Party may move to amend the provisions of this Order at any time or the Parties may agree by written stipulation, subject to further order of the Court, to amend the provisions of the Order.

SO STIPULATED AND AGREED.

Dated: January 10, 2023

| | |
|---|---|
| HAYNES AND BOONE LLP | FOLEY & LARDNER LLP |
| By: */s/ Leslie C. Thorne* | By: */s/ Robert A. Scher* |
| Leslie C. Thorne<br>leslie.thorne@haynesboone.com<br>Alexandra Larkin<br>alexandra.larkin@haynesboone.com<br>Michael Freyberg<br>michael.freyberg@haynesboone.com<br>30 Rockefeller Plaza, 26th Floor<br>New York, New York 10112<br>Tel.: (212) 659-7300<br>Fax: (212) 918-8989 | Robert A. Scher, Esq.<br>Benjamin I. Bassoff, Esq.<br>rscher@foley.com<br>bbassoff@foley.com<br>90 Park Avenue<br>New York, NY 10016-1314<br>Tel.: 212-682-7474 |
| **ATTORNEYS FOR GMO GAMECENTER USA, INC. and GMO INTERNET GROUP, INC.** | **ATTORNEYS FOR DEFENDANT WHINSTONE US, INC.** |

SO ORDERED.

Dated: January 10, 2023
New York, New York

_____
KATHARINE H. PARKER, U.S.M.J.

**Agreement**

  I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled *GMO Gamecenter USA, Inc. and GMO Internet Group, Inc. v. Whinstone US, Inc.*, No. 1:22-cv-05974-JPC (S.D.N.Y.) have been designated as confidential or highly confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" are confidential by Order of the Court.

  I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

Date: _____       _____

                                  Name: