UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GMO GAMECENTER USA, INC. and GMO INTERNET GROUP, INC.,

*Plaintiffs*,

- against -

WHINSTONE US, INC.,

*Defendant.*

Civil Action No. 1:22-cv-05974-JPC

WHINSTONE US, INC.,

*Counterclaim Plaintiff*,

- against -

GMO GAMECENTER USA, INC. and GMO INTERNET GROUP, INC.,

*Counterclaim Defendants*.

**DECLARATION OF LESLIE C. THORNE IN SUPPORT OF GMO'S ORDER TO SHOW CAUSE FOR A TEMPORARY RESTRAINING ORDER TO PRESERVE EVIDENCE AND THE STATUS QUO**

LESLIE C. THORNE, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am a member of the Bar of this Court, and I am a partner at Haynes and Boone, LLP ("Haynes Boone"), attorneys for Plaintiffs and Counterclaim Defendants GMO Gamecenter USA, Inc. and GMO Internet Group, Inc. (collectively, "GMO") in the above-entitled action.

2. As such, and from a review of the file maintained by my office, I am familiar with the facts and circumstances in this action.

3. I respectfully submit this declaration in support of GMO's Order to Show Cause for a Temporary Restraining Order to Preserve Evidence and the Status Quo against Defendant

and Counterclaim Plaintiff Whinstone US, Inc. ("Whinstone"), based on my personal knowledge and a review of the case files.

4. After discovery commenced and the parties to this action were unable to resolve their dispute through a settlement conference with Magistrate Judge Parker, Whinstone allowed GMO and GMO's counsel to visit the Texas Data Center in March 2023 (at the suggestion of Judge Parker), but only on the condition that GMO and its counsel not take photos or video during the visit. *See* Visitor Waiver and Release of Liability Agreements, true and correct copies of which are annexed as **Exhibit 1** hereto. During the Texas Data Center visit, GMO and its counsel were directed not to take any photos or video. GMO's technical expert did not attend the March site visit because it was for initial fact gathering, not for purposes of expert analysis. Under the then-current Scheduling Order, expert discovery was not set to close until September 25, 2023. ECF No. 33.

5. After the site visit, Haynes Boone sent a letter to Whinstone's counsel, Debevoise & Plimpton, LLC ("Debevoise"), demanding that Whinstone produce the following, as requested in GMO's previously served requests for production: all video footage or recordings of (i) GMO's representatives at the Texas Data Center and (ii) Building A and Building X of the Texas Data Center. *See* May 23, 2023 letter, a true and correct copy of which is annexed as **Exhibit 2** hereto. This video footage is important because, *inter alia*, (i) GMO claims that Whinstone improperly removed GMO machines from operation in Building A in March 2022, (ii) Haynes Boone and GMO believe that many of GMO's removed machines were stored in Building X at the Texas Data Center, and (iii) Whinstone apparently denies that the machines in Building X are the improperly removed machines. *See id.*; ECF No. 30. The footage is also important because Whinstone has asserted that certain piles of GMO's machines spread across the floors of Building A were placed

there by GMO, whereas GMO asserts that those machines were placed there by Whinstone after Whinstone improperly removed them in March 2022. Therefore, the video footage is key to the parties' claims and defenses.

6. Debevoise then sent a letter to Haynes Boone on May 24, 2023, falsely accusing GMO and Haynes Boone of "alter[ing] or destroy[ing]" evidence—namely, GMO's mining machines—as part of GMO's ordinary machine-repair process. *See* May 24, 2023 letter, a true and correct copy of which is annexed as **Exhibit 3** hereto. Debevoise further stated: "To prevent the further destruction of relevant evidence in light of the spoliation concerns described above, the parties must take immediate steps to preserve a record of the status quo to date. To do so, we propose that each side arrange for an appropriate consultant to visit the facility as soon as possible, and in no event later than June 20th to preserve all information each party believes will be relevant at trial, including, among other things, evidence of the number of working and non-working miners and each miner's hash rate and processing capacity." *Id.*

7. Haynes Boone promptly responded to Debevoise's letter, assuring Debevoise that neither Haynes Boone nor GMO "altered or destroyed" evidence, and that evidence in GMO's possession had been preserved. *See* May 30, 2023 letter, a true and correct copy of which is annexed as **Exhibit 4** hereto. Haynes Boone also expressed surprise that Debevoise had taken issue with GMO's machine-repair process, because Whinstone had both (i) removed many of GMO's machines from operation in March 2022 (justifying this removal on the basis that the machines were "non-functioning" as a result of GMO's alleged "fail[ure] to maintain" and "repair" them, *see* ECF No. 34), and (ii) threatened to remove and scrap GMO's operating machines on the basis that they are in "disrepair." Ex. 3. Haynes Boone pointed out that Whinstone is intimately involved in GMO's repair process and is actually the party that disposes of bad machine parts, as well as

that the repair process mitigates GMO's damages against Whinstone by allowing GMO to operate at a higher capacity. *Id.*

8. Haynes Boone's letter further stated: "In response to [Debevoise's] proposal to arrange for consultants to visit the facility in furtherance of preservation efforts prior to June 20, GMO does not believe that sending a consultant on its behalf for this purpose is necessary, but we are open to discussing this proposal further with you." *Id.* In GMO's view, an expert visit was not yet necessary because discovery in this action was in the early stages, and expert disclosures were not due until December—but GMO was not suggesting that expert consultants would never need to visit the Texas Data Center. Also, when Haynes Boone sent its response to Debevoise's letter, Whinstone had neither terminated the Texas Agreement nor threatened to remove all of GMO's machines from operation.

9. Debevoise responded about three weeks later, on June 23, stating that it "did not accuse GMO or Haynes Boone of destroying evidence" but instead "merely noted GMO's recent activities and expressed our concern that relevant evidence may have been altered or destroyed." *See* June 23, 2023 letter, a true and correct copy of which is annexed as **Exhibit 5** hereto.

10. Debevoise's June 23 letter further stated: "With respect to GMO's request for video footage or recordings, we understand that Whinstone maintains security footage of Building A for a period of 30 days. Whinstone will retain that footage for the past 30 days and is willing to meet and confer to discuss the retention of security footage on a going forward basis." *Id.* It is apparent from this letter that Whinstone had destroyed clearly relevant and responsive footage prior to that time, despite GMO's earlier discovery requests and Whinstone's obligation to preserve evidence.

11. On June 29, 2023, Whinstone sent GMO a "Notice of Termination" purporting to terminate the Texas Agreement and simultaneously disconnected GMO's machines from power.

*See* June 29, 2023 Notice of Termination, a true and correct copy of which is annexed as **Exhibit 6** hereto. Whinstone took these actions purportedly based on GMO's alleged breach of the Texas Agreement, which Whinstone's prior counsel, Foley & Lardner, LLP ("Foley"), had asserted in a letter more than one year earlier, in June 2022. *Id.*; *see also* June 13, 2022 Foley letter, a true and correct copy of which is annexed as **Exhibit 7** hereto. The Notice of Termination demanded that GMO remove its machines from the Texas Data Center by no later than July 29, 2023, and warned that if GMO did not, then Whinstone would do so. *See* Ex. 5.

12. Whinstone sent GMO another letter on July 24, 2023, stating that if GMO did not remove its machines from the Texas Data Center by July 29, Whinstone "will immediately begin removing" GMO's machines. *See* Whinstone's July 24, 2023 letter, a true and correct copy of which is annexed as **Exhibit 8** hereto.

13. On the same day (July 24, 2023), Haynes Boone responded on GMO's behalf to Whinstone's Notice of Termination. *See* Haynes Boone's July 24 letter, a true and correct copy of which is annexed as **Exhibit 9** hereto. Haynes Boone expressed GMO's position that Whinstone's termination and simultaneous power shutdown were improper because the year-old allegations of breach in Foley's letter are meritless. *See id.*

14. Haynes Boone also noted Whinstone's apparent failure to preserve video evidence (as stated in Debevoise's June 23 letter) and asserted that Whinstone's continued power down of GMO's machines and threatened machine removal would, like the failure to preserve video evidence, constitute spoliation. *See id.*

15. Debevoise responded on Whinstone's behalf, stating that Whinstone still intended to remove GMO's machines from the Texas Data Center on July 29 if GMO did not remove them sooner. *See* July 26 letter, a true and correct copy of which is annexed as **Exhibit 10** hereto.

16. Debevoise further alleged that GMO's position about spoliation is "inconsistent with its prior representations that it had preserved all relevant evidence and that a visit to the facility by consultants regarding evidence preservation was unnecessary." *Id.* This misconstrues prior statements and disregards the change in circumstances due to the Notice of Termination and threatened removal of GMO's machines. GMO never said that a site visit by expert consultants was unnecessary; it simply disagreed that such a visit had to occur by June 20. *See* Exs. 2-3. GMO also never said that all relevant evidence for this action has been gathered; it simply confirmed that the evidence in its possession has been preserved. *See* Ex. 3.

17. Immediately after receiving Debevoise's July 26 letter, Haynes Boone called Debevoise and proposed that the parties arrange for GMO's expert to visit the Texas Data Center in the next two to three weeks. During this call, Haynes Boone emphasized the need for GMO's expert to visit the Texas Data Center while the machines are present and the power is on so that the expert can properly evaluate and document the operations, including taking photos and video because GMO was denied that opportunity during the March site visit.

18. The next day, on July 27, 2023, Debevoise emailed Haynes Boone, stating: "As a courtesy, Whinstone will not begin deinstallation until August 2, 2023"—thus granting a mere four-day extension from Whinstone's initially imposed July 29 deadline.[1] *See* July 27 email, a true and correct copy of which is annexed as **Exhibit 11** hereto. Debevoise further stated that GMO's request for an extension of two or three weeks was "particularly unreasonable" because Haynes Boone previously stated that GMO had preserved relevant evidence and "did not believe that

[1] GMO has arranged for its expert to visit the Texas Data Center on August 1 and 2. This site visit will require me and Michael Freyberg of Haynes Boone to travel to the Texas Data Center in Rockdale, Texas, on July 31, 2023, and remain there through August 2. Should the hearing occur on August 1 or August 2, other counsel from Haynes Boone will appear in Court on any of these dates but we also respectfully requests that other key members of the litigation team, including myself as lead counsel, be permitted to participate by telephone or video conference.

sending an expert to the Texas Facility on its behalf was necessary." *Id.* This again intentionally misconstrues Haynes Boone's earlier statements, and Debevoise did not address Haynes Boone's explanation that GMO's expert needs to inspect GMO's machines with the power on and to document these operations by pictures and video.

19. Later the same day (July 27, 2023), Haynes Boone again contacted Debevoise and re-requested that GMO be allowed to schedule a visit at the Texas Data Center with its expert and with the ability to take photos and videos. Haynes Boone further explained that, based on conversations with GMO's expert, the expert needs continual access to the Texas Data Center during the discovery period to properly evaluate the operations, including the ability to assess such operations in light of technical documents that are yet-to-be exchanged in discovery. Debevoise responded that Whinstone was amenable to powering on GMO's machines and for GMO and its expert to take pictures during a site visit, but Whinstone would not allow GMO's machines to remain installed, powered on, or operational beyond August 2, 2023. Debevoise again stated that de-installation would occur on August 2.

20. GMO's expert has stated that he needs the ability to visit the Texas Data Center to observe and document the operating machines on multiple occasions, including after he has an opportunity to review information concerning GMO's operations at the Texas Data Center that has not yet been exchanged in discovery. *See* Declaration of Kenyon Hayward submitted concurrently herewith.

21. Therefore, Whinstone's planned August 2 removal of all of GMO's machines from the Texas Data Center represents an imminent threat of irreparable harm to GMO's ability to assess and prove its case.

22. In accordance with Local Civil Rule 37.2, Haynes Boone has conferred with Debevoise concerning the subject of GMO's Order to Show Cause, as demonstrated by the correspondence described herein, and the Exhibits annexed hereto. Whinstone's refusal to permit GMO's mining machines to remain in operation through the discovery period, or at least until October 1, 2023, necessitates GMO's Order to Show Cause.

I declare under penalty of perjury that the foregoing is true and correct. Executed on July 31, 2023.

Leslie C. Thorne

**CERTIFICATE OF SERVICE**

I, Leslie Thorne, declare under penalty of perjury that on July 31, 2023, I served this DECLARATION OF LESLIE C. THORNE IN SUPPORT OF GMO'S ORDER TO SHOW CAUSE FOR A TEMPORARY RESTRAINING ORDER TO PRESERVE EVIDENCE AND THE STATUS QUO on all counsel of record via ECF filing.

By: */s/ Leslie C. Thorne*

Leslie C. Thorne
leslie.thorne@haynesboone.com
Alexandra Larkin
alexandra.larkin@haynesboone.com
Michael Freyberg
michael.freyberg@haynesboone.com
HAYNES AND BOONE, LLP
30 Rockefeller Plaza, 26th Floor
New York, NY 10112
Telephone: (212) 659-7300
Facsimile: (212) 918-8989

**ATTORNEYS FOR GMO GAMECENTER USA, INC. and GMO INTERNET GROUP, INC.**