# EXHIBIT 2

# HAYNES BOONE

May 23, 2023

<u>Via Email</u>

Debevoise & Plimpton LLP
66 Hudson Blvd E, New York, NY 10001
Attn: Elliot Greenfield, egreenfield@debevoise.com
Attn: Maeve O'Connor, mloconnor@debevoise.com
Attn: Brandon Fetzer, bfetzer@debevoise.com

Re:   **GMO Gamecenter USA Inc. and GMO Internet, Inc. v. Whinstone US, Corporation**, No. 1:22-cv-5974 (S.D.N.Y.)

Dear Counsel:

We write concerning Defendant Whinstone US, Inc.'s ("Whinstone") Responses and Objections to Plaintiffs GMO Internet Group, Inc.'s and GMO Gamecenter USA, Inc.'s (collectively, "GMO") First Set of Requests for the Production of Documents (the "Objections and Responses" to the "Requests"). Many of Whinstone's Objections and Responses are improper under Federal Rules of Civil Procedure ("FRCP") 26 and 34.

*First*, the Objections and Responses to Request Nos. 1-15, 17-21, 25-26, and 29-30 each assert that these Requests are "overbroad, unduly burdensome and seeks information not relevant to the claims or defenses of any party." However, these Requests seek documents and communications that directly relate to the facts, circumstances, and claims alleged in the parties' pleadings, including but not limited to documents and communications concerning: GMO, the Louisiana Agreement,[1] the Texas Agreement, the Texas Data Center, Whinstone's supplying of electrical power to the Texas Data Center, GMO's provision of funds to Whinstone under the Louisiana and Texas Agreements, Whinstone's performance of its obligations under the Texas Agreement, and Whinstone's profits from power sales. As such, Whinstone has no basis to object to these Requests as "overbroad, unduly burdensome [and] not relevant to the claims or defenses of any party." Rather, Whinstone is obligated under FRCP 26 and 34 to produce documents responsive to these Requests.

*Second*, Whinstone's Objections and Responses to Request Nos. 19, 25, 26, and 29 improperly attempt to narrow Whinstone's production in response to these Requests, in violation of FRCP 26 and 34. Specifically:

- Whinstone's Objections and Responses to Request No. 19 state that Whinstone will only produce documents "to the extent they relate to GMO's provision of funds to Whinstone in connection with the Texas Agreement." However, Whinstone must also produce documents relating to GMO's provision of funds to Whinstone in

---

[1] Capitalized terms used but not defined herein shall have their meanings assigned in the Requests.

# HAYNES BOONE

connection with the Louisiana Agreement, since the Louisiana Agreement is specifically addressed in the parties' pleadings and is intertwined with the Texas Agreement since, among other reasons, Whinstone's obligation to pay the Loss of Profit By Power Shortage stems from Whinstone's admitted failure to provide power pursuant to the Louisiana Agreement. *See* Texas Agreement § 16.3.

- Whinstone's Objections and Responses to Request Nos. 25 and 26 state that Whinstone will only produce documents to the extent they concern Whinstone's provision of power to GMO at the Texas Data Center. However, Whinstone must also produce documents relating to Whinstone's provision of power to the Texas Data Center as a whole, including to other customers at the Texas Data Center, since GMO's Third Amended Complaint ("TAC") alleges that Whinstone prioritized other customers over GMO. *See* TAC ¶¶ 22-23. Moreover, and particularly in light of SBI Crypto's recently filed complaint against Whinstone alleging similar facts as GMO alleged against Whinstone, Whinstone's ability to provide adequate power to the Texas Data Center as a whole and to other customers at the Texas Data Center is probative of Whinstone's ability to adequately supply power to GMO.

- Whinstone's Objections and Responses to Request No. 29 state that Whinstone will only produce documents "to the extent they concern Whinstone's sale of power to the ERCOT marketplace in connection with Winter Storm Uri." However, Whinstone must also produce documents concerning other of Whinstone's power sales, since GMO's Complaint alleges that Section 4.3.8 of the Texas Agreement obligates Whinstone to share all profits from power sales. *See* TAC ¶¶ 31-35. Moreover, publicly available sources, including Riot Blockchain Inc.'s SEC filings, indicate that Whinstone has sold power on multiple other occasions.

*Third*, Whinstone's Objections and Responses to Request Nos. 1-3, 5-15, 18-21, 25-26, and 29-31 improperly state that "in accordance with Rule 34(b)(2)(C) [Whinstone] has not completed its review and analysis of available documents that may be responsive to this Request, but [] it currently believes that documents responsive to this Request (if any) may be withheld on the basis of the objections contained herein." This vague, repeated statement that Whinstone "currently believes" documents "may" be withheld on the basis of certain unspecified objections does not adequately inform GMO as to whether Whinstone is or is not withholding documents responsive to these Requests, as expressly required by FRCP 34(b)(2)(C) ("An objection must state whether any responsive materials are being withheld on the basis of that objection."). As such, Whinstone must confirm whether it is or is not withholding documents responsive to these Requests, and if it is withholding documents, Whinstone must provide the particular basis upon which it is withholding the documents.

*Fourth*, while we understand Whinstone's production of documents and other relevant files is not yet complete, Whinstone has not, to date, produced video footage or recordings of (i) GMO's representatives at the Texas Data Center or (ii) Building A and Building X of the Texas Data Center. While such footage or recordings are relevant to many of the parties' claims and defenses,

# HAYNES BOONE

and are responsive to many of GMO's Requests, such footage or recordings are particularly relevant to the parties' claims and defenses concerning Whinstone's removal of GMO's mining machines in March/April 2022 and GMO's Request No. 33, for "[a]ll Documents and Communications concerning Whinstone's removal or replacement of GMO's mining machines at the Texas Data Center on or about March or April 2022, including but not limited to Documents and Communications concerning Whinstone's allegations in Whinstone's Counterclaims that GMO's mining equipment was removed or replaced by Whinstone because such equipment was outdated, non-functioning, or inoperable."  As such, GMO requests that Whinstone produce such video footage or recordings as soon as possible.

Please either confirm that Whinstone will produce documents in response to each of the above-referenced Requests or, alternatively, advise as to your availability for a meet-and-confer on these issues.

Nothing in this letter shall be deemed a waiver of any rights, claims, remedies or defenses to which GMO may be entitled at law or in equity, all of which are expressly reserved.

Very truly yours,

*[signature]*

Leslie C. Thorne
leslie.thorne@haynesboone.com
Direct Phone Number:  212.835.4848