# EXHIBIT 10


Debevoise & Plimpton LLP
66 Hudson Boulevard
New York, NY 10001
+1 212 909 6000

July 26, 2023

Leslie C. Thorne
Haynes Boone
30 Rockefeller Plaza, 26th Floor
New York, NY 10112

**Re:** *GMO Internet Group, Inc. et al. v. Whinstone US, Inc.*, No. 22-cv-5974 (S.D.N.Y.)

Dear Leslie:

We write on behalf of Whinstone in response to GMO's July 24, 2023 letter concerning the June 29, 2023 termination of the Texas Agreement and the July 29, 2023 deadline by which GMO's equipment must be removed from the Texas Facility.

As an initial matter, we dispute GMO's assertions regarding the validity of termination under the Texas Agreement.  Irrespective of any disagreement the parties might have on that issue, however, the fact remains that the Texas Agreement has been terminated and GMO must act accordingly.

Although the Texas Agreement was terminated with immediate effect, as a courtesy, Whinstone provided GMO an additional 30 days to remove its equipment from the facility.  It appears that GMO has not taken any steps to comply with that deadline and has no plans to do so.  That is unacceptable.

GMO's belated and unsupported assertions concerning spoliation do not justify its failure to remove its equipment from the Texas Facility.  GMO's position regarding spoliation is also self-contradictory and inconsistent with its prior representations that it had preserved all relevant evidence and that a visit to the facility by consultants regarding evidence preservation was unnecessary.

By letter dated May 24, 2023, we raised concerns about GMO's relocation, repair and destruction of its machines, and we asked GMO to confirm that it had preserved all relevant evidence concerning the location, functionality and condition of its machines prior to their destruction of repair.  (May 24 Ltr. at 1.)  We also asked GMO to confirm that it has preserved all real-time data and diagnostic information concerning the performance of all of its machines installed at the Texas Facility.  (*Id.* at 2.)  And we suggested that, if any additional evidence needed to be preserved, that "each side arrange for an appropriate consultant to visit the facility as soon as possible, and in no event later than June 20th to preserve all information each party believes will be relevant at trial."  (*Id.*)

In response to our May 24 letter, you rejected the idea that GMO's relocation, repair and destruction of its machines constituted spoliation of evidence.  With respect to the preservation of evidence, you stated that "GMO has preserved all relevant evidence concerning the location,

Leslie C. Thorne                                    2                                  July 26, 2023

functionality, and condition of its machines, including its real-time data and diagnostic information concerning the performance of its miners." (May 30 Letter at 2-3.)  You expressly rejected our suggestion that the parties arrange for consultants to visit the facility, stating that "GMO does not believe that sending a consultant on its behalf for this purpose is necessary." (*Id.* at 3.)

We followed up on June 23, 2023, seeking to confirm, again, that any and all relevant evidence "relating to GMO's operations at the Texas Facility" has been adequately preserved. (June 23 Ltr.)  We asked that you "promptly let us know if there is other evidence regarding GMO's operations at the Texas Facility that you believe will be relevant at trial so that the parties can ensure it is adequately preserved." (*Id.*)  And we stated that, in the absence of a response, we "will otherwise understand GMO's position to be that it has preserved the evidence it believes it needs for trial." (*Id.*)  GMO never responded to Whinstone's June 23 letter.

Accordingly, in its June 29, 2023 Notice of Termination, Whinstone stated that it understood, based on GMO's May 30 letter, "that GMO has preserved all relevant evidence regarding its mining operations at the Texas Facility that it believes it needs for trial." (Notice of Term.)  Nonetheless, Whinstone provided GMO with an additional 30 days to "preserve any other evidence that GMO believes may be at the Texas Facility which GMO believes would be relevant at trial" and expressed its willingness to "coordinate with GMO and its counsel to facilitate a joint process for doing so." (*Id.*)  On June 29, consistent with its immediate termination of the Texas Agreement, Whinstone turned off the power to GMO's machines at the Texas Facility.

For nearly a month, GMO simply ignored the Notice of Termination.  GMO did not complain about the termination or the shutting off of power to its machines, and it did not raise any concerns regarding preservation of evidence or spoliation.  Instead, GMO continued to send employees to the Texas Facility as though nothing had happened.

Now, with only a few days remaining until the expiration of the 30-day deadline, GMO asserts – without support – that Whinstone's powering down of and the planned removal of GMO's machines constitute destruction of evidence.  GMO offers no explanation why turning off the power to its machines constitutes spoliation.  Nor does GMO identify any evidence that remains to be preserved.  Indeed, as noted above, GMO previously represented that it has preserved "all relevant evidence concerning the location, functionality, and condition of its machines" and – despite multiple requests for confirmation – has never suggested that preservation of any other evidence was necessary.

To the extent that GMO's position is that preservation of evidence requires that its machines remain installed and powered on at the Texas Facility, that position is wholly inconsistent with GMO's assertion that it should be allowed to relocate, repair and destroy its machines and its conduct to date.  Since the initiation of this lawsuit, GMO personnel have been altering the state of GMO's operations by, among other things, removing the piles of miners stored on the floor in Building A, scrapping thousands of miners and using parts from those miners to repair thousands of others.

Leslie C. Thorne                                      3                                       July 26, 2023

Your July 24 letter makes clear that GMO has no intention of complying with the July 29 deadline to remove its equipment from the Texas Facility, and it does not include any valid grounds on which to delay removal. Whinstone therefore will begin the deinstallation process after 18:00 U.S. Central Time on July 29. Whinstone intends to engage a third-party expert to assist with removal and to test GMO's miners as they are removed from the racks. We invite GMO to attend or participate in that process and remain willing to discuss the preservation of additional evidence if GMO specifically identifies what it believes should be preserved, however, Whinstone will not delay deinstallation. GMO has had months to identify any such evidence but has failed to do so.

Nothing in this letter shall be deemed a waiver of any rights, claims, remedies or defenses to which Whinstone may be entitled at law or in equity, all of which are expressly reserved.

Best regards,

Maeve L. O'Connor