UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------:

GMO GAMECENTER USA, INC., et al., : Case No.: 22-cv-5974

Plaintiffs, :

v. :

WHINSTONE US, INC. , : New York, New York

Defendant. : August 22, 2023

-------------------------------:

TRANSCRIPT OF STATUS CONFERENCE HEARING

BEFORE THE HONORABLE KATHARINE H. PARKER

UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

For Plaintiff: HAYNES AND BOONE LLP
BY: Leslie C. Thorne, Esq.
30 Rockefeller Plaza
New York, New York 10012

For Defendant: DEBEVOISE & PLIMPTON LLP
BY: Maeve L. O'Connor, Esq.
Brandon R. Fetzer, Esq.
Elliot Greenfield, Esq.
66 Hudson Boulevard
New York, New York 10001

Proceedings recorded by electronic sound recording;
Transcript produced by transcription service.

THE DEPUTY CLERK: Calling case 22-CV-5974; GMO Game Center versus Whinstone US.

Beginning with counsel for the plaintiffs, please state your appearance of the record.

MS. THORNE: Leslie C. Thorne and Aishlinn Bottini.

THE DEPUTY CLERK: And counsel for the defendant, please state your appearance.

MS. O'CONNOR: Good afternoon. Maeve O'Connor, Elliot Greenfield and Brandon Fetzer for the defendant. And with Your Honor's permission, pursuant to the Court's individual practices, it will be our associate, Brandon Fetzer that will address the Court today.

THE COURT: Okay. Great. So let's see, where do we start? Discovery. Let me hear from plaintiffs first about where you are.

MS. THORNE: Sure. I think both parties have collected millions and millions of documents. We've been coordinating on an ESI protocol and on search terms, which is a little bit more complicated in our case given that a lot of the documents are in Japanese, so we have to engage translators and all of that to determine Japanese translation. Both

sides pulled, I think what we both acknowledge were too many documents in our first pull. So we've been going back and forth and trying to sort of pull things down to search terms that can get a more manageable pull. And I think we should be pretty close to that. I expect we'll be able to get that resolved in the next couple of weeks. We've also exchanged ESI protocols. We received Whinstone's comments back to our draft of ESI protocols last week. I don't think we should have too many remaining issues with that. So I expect that we will get those results.

THE COURT: Okay. Good. Anything else? How many depositions are you -- remind me what you're thinking in terms of depositions?

MS. THORNE: There are not going to be depositions yet. We will probably want to take ten depositions, including third-party depositions. I'm not sure what Whinstone is thinking in that regard. So you probably won't be surprised to hear I think we will come back to you and ask for a little bit more time to get discovery. We will discuss that amongst ourselves.

THE COURT: You should probably get any subpoenas out now because invariably you're going to

have to talk with the recipients about scheduling. And we've got back to school, Jewish holidays, everything. September is a really busy month. So I think you should go ahead and issue subpoenas so you can get that ball rolling.

MS. THORNE: Understood.

THE COURT: Okay. All right.

From defendant's standpoint.

MR. FETZER: Good afternoon. Yeah, we agree. I think right now the big gating issue is search terms. At this point, we don't know exactly how many documents we'll be reviewing. We should be able to work that out in the course of the next few weeks. Once we do, we'll have a greater insight into how the rest of the case should play out. I think I'll just echo that we agree that a limited extension is likely just given where we are today.

THE COURT: And you all have gone to the actual facility now, right?

MR. FETZER: Correct. That's right.

THE COURT: Okay. To see the machines. And I know Judge Cronin made a decision related to the machines and where they need to be.

MR. FETZER: That's right.

THE COURT: Okay. Great. Now, is

Whinstone planning to file an amended answer?

MR. FETZER: Yes.

THE COURT: Yes. Okay. And is that going to have any impact on discovery?

MR. FETZER: I assume there will be some additional document requests associated with the additional counterclaim, but I don't think it should have a material impact on scheduling.

THE COURT: Okay. I just want the parties to think about that when you're talking about any extension of the discovery schedule. And do the parties think that they're ready to reengage on settlement or is that just not going to happen at this point?

MS. THORNE: I would say not at this time. And also your question about an amended answer, I did want to note, as you know, a month or so ago, Whinstone terminated the agreement. We believe that's a wrongful termination, and so we did want to advise the Court, we will be filing a motion for leave to add a wrongful termination claim as well.

THE COURT: Okay. So what you should do is discuss that obviously with your adversary, and if you can consent to that, build that into the

schedule. Because I guess there would have to be some discovery about the termination of the agreement.

MS. THORNE: I don't think it will fundamentally change the scope of discovery or anything like that, but I suppose there will be some. I just wanted to advise the Court since we were talking about amending things. And we're happy to talk about that.

THE COURT: Okay.

MR. FETZER: That's just the first we've heard of it. So we'll obviously need to talk with them and take a look at the pleadings.

THE COURT: Right. Okay. So I think we should schedule then another conference just to make sure that everything is moving along.

Chris, do we have a date, say, in the end of September, early October?

MS. THORNE: Your Honor, I'm going to be out of the country the last week in September.

THE COURT: Okay. So we won't schedule it then. Maybe October, Chris.

THE DEPUTY CLERK: I'm looking. Hold on one second.

THE COURT: Didn't we just have a

cancellation?

THE DEPUTY CLERK: You want to do --

THE COURT: What day is that?

Yeah, we can do that. October 4 at noon for a status conference. So your ESI protocol should be done by then. A third-party subpoena should be out by then. The amended answer should be done by then. You will maybe have a proposed amendment by then.

MS. THORNE: Absolutely.

THE COURT: Okay. And you should also think about getting the key witnesses's schedule lined up so you save attorney time and get those dates in there. Okay. Anything else from GMO's standpoint?

MS. THORNE: No, not today.

THE COURT: Okay. Anything else from Whinstone's standpoint?

MR. FETZER: Nothing further for today, Your Honor.

THE COURT: Okay. Good. Nice to see everybody. Thanks for coming in.

0o0

C E R T I F I C A T E

I, Adrienne M. Mignano, certify that the foregoing transcript of proceedings in the case of GMO Gamecenter USA v. Whinstone US, Inc.; Docket #22CV5974 was prepared using digital transcription software and is a true and accurate record of the proceedings.

Signature _Adrienne M. Mignano_

ADRIENNE M. MIGNANO, RPR

Date: August 22, 2023