```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
GMO GAMECENTER USA, INC. and GMO
INTERNET, INC.,
                                        Plaintiffs,              22-CV-5974 (JPC) (KHP)

                    -against-                                    DISCOVERY ORDER

 WHINSTONE US, CORPORATION,

                                        Defendant.
-----------------------------------------------------------------X
```

**KATHARINE H. PARKER, United States Magistrate Judge:**

On August 14, 2024, Plaintiffs wrote a letter to the Court raising two disputes on which the parties have been unable to reach resolution. (ECF No. 178.) First, GMO would like to take eleven depositions, rather than ten, inclusive of the deposition of Aroosh Thillainathan through the Hague Convention. Defendant objects to this request, asserting that Plaintiffs have not provided justification for why eleven depositions are needed. (ECF No. 179.) Second, the parties are unable to agree on whether Satoshi Makita, General Manager at GMO Internet Group Inc., should be required to travel to the United States from Japan twice to be deposed – once as a 30(b)(6) witness and once as a fact witness -- to accommodate Defendant's deposition strategy. Plaintiffs have asked that Mr. Makita's depositions be scheduled within five business days of each other so that he is only required to travel to the United States once. Defendant opposes this request as it would like to conduct the 30(b)(6) deposition first and Mr. Makita's fact witness deposition last for strategic purposes.

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure ("Rule") 30(a)(2), a party must obtain leave of court if the parties have not stipulated to the deposition and the deposition would result in

more than ten depositions being taken.  Fed. R. Civ. P. 30(a)(2)(A).  The Advisory Committee Notes to Rule 30 state that "[l]eave to take additional depositions should be granted when consistent with the principles of Rule 26(b)(2)[.]"  Fed. R. Civ. P. 30 advisory committee's notes to 1993 amendment. Rule 26(b)(2) permits a court to limit discovery, including the number of depositions if the court determines that the discovery sought is unreasonably cumulative, irrelevant, or more easily obtainable from another source, among other things.  Fed. R. Civ. P. 26(b)(2).  The ten-deposition limit is "presumptive," rather than an absolute ceiling.  Fed. R. Civ. P. 30 advisory committee's notes to 1993 amendment.

The Advisory Committee Notes to Rule 30 also state that "counsel have a professional obligation to develop a mutual cost-effective plan for discovery in the case."  Indeed, the Court has an obligation under Rule 1 to ensure "the just, speedy, and inexpensive determination of every action and proceeding."  Fed. R. Civ. P. 1.

## DISCUSSION

The Court will allow Plaintiffs to take eleven depositions rather than ten.  While the Court ruled that it will permit the parties to depose Mr. Thillainathan through the Hague Convention, the Court narrowed the questions that the parties could pose to Mr. Thillainathan so that they were relevant to the claims and defenses and proportional to the needs of the case.  (ECF No. 177.)  One additional deposition is reasonable given that this Court has already found Mr. Thillainathan's deposition to be relevant and proportional to the needs of the case and given that Mr. Thillainathan's deposition may be more limited in topics and duration than it otherwise would be due to limitations posed by the Hague Convention and German law.

Accordingly, Plaintiffs' request to take eleven depositions, inclusive of Mr. Thillainathan's deposition, is GRANTED.

As for the scheduling of Mr. Makita's deposition, it would be inefficient and create unnecessary additional cost for Mr. Makita to be required to travel to the United States twice. There is no requirement under the Federal Rules that parties take depositions in a particular order for litigation strategy. Consistent with the Court's obligations under Rule 1, the Court orders that Mr. Makita's depositions take place within five business days of each other so that Mr. Makita need only travel to New York once.

## CONCLUSION

Plaintiffs' request for permission to take eleven depositions rather than ten is GRANTED. In addition, Plaintiffs' request that Mr. Makita's 30(b)(6) deposition be required to take place within five business days of his individual deposition is also GRANTED.

**The Clerk of Court is respectfully directed to terminate the motion at ECF No. 178.**

SO ORDERED.

DATED:   New York, New York
         August 20, 2024

_____
KATHARINE H. PARKER
United States Magistrate Judge