# HAYNES BOONE


```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/13/2024
```

September 10, 2024

Phone Number +1 212-835-4848
leslie.thorne@haynesboone.com

The Hon. Katharine H. Parker
United States District Court (S.D.N.Y.)
500 Pearl Street, Room 750
New York, NY 10007

> Re: *GMO Gamecenter USA, Inc. et al. v. Whinstone US, Inc.*, No. 1:22-cv-05974-JPC-KHP (S.D.N.Y.): Letter Motion for Clarification

Dear Judge Parker:

We represent GMO Gamecenter USA, Inc. and GMO Internet Group, Inc. ("GMO") in the above-referenced matter (the "Action"). We respectfully write to request the Court to clarify its decision (the "Decision") issued today on Whinstone US, Inc.'s ("Whinstone," and with GMO, the "Parties") letter motion (the "Extension Motion"), ECF No. 191.[1] We understand that the Court has extended certain specified deadlines in the litigation. However, while the Extension Motion intentionally obscures it, we understand from discussions with counsel for Whinstone that they intend to use the order to unilaterally cancel the seventeen agreed-upon depositions already set. Because the Decision does not grant (and the Extension Motion does not even request) an adjournment of the currently scheduled depositions, GMO respectfully requests that the Court clarify that those depositions shall proceed as scheduled. For the following reasons, GMO opposes any attempt by Whinstone to reschedule the dates of the currently scheduled depositions.

The Extension Motion is riddled with falsehoods and omissions to hide that Whinstone is trying to avoid seventeen carefully negotiated depositions of witnesses across the country – depositions for which GMO's Japan-based witnesses have already incurred significant costs. Not only have the Parties agreed upon an entire deposition schedule (a fact which is suspiciously absent from the Extension Motion), but GMO witnesses already booked flights and hotels and incurred attorneys' fees for the extensive scheduling negotiations between counsel. Moreover, the GMO witnesses are high-level employees at a large publicly traded company in Japan, including Board members, Executive Vice Presidents, General Managers, and C-Suite executives. They cleared their schedules to travel to the US to participate in multiple days of testimony on dates agreed to by Whinstone, and rescheduling those would severely disrupt GMO's business.

Whinstone's *modus operandi* for this litigation is simple: delay. This has never been more apparent than during the last few days, when we have been fielding different "emergency" requests from different counsel for different reasons for different lengths of time – none of which are justified. As this Court is aware, on August 7, 2024, the Parties were ordered to set a deposition schedule

---

[1] While this request is being made as a letter motion pursuant to this Court's Individual Rule of Practice I.b, GMO is happy to present this issue to the Court via alternate means if the Court prefers.

**Haynes and Boone, LLP**  |  30 Rockefeller Plaza | 26th Floor | New York, NY 10112
T: 212.659.7300 | haynesboone.com



within a week that allowed all depositions to be completed by November 22, 2024. (ECF No. 171.) It was no small feat to find dates that worked for all within the time frame.

Pursuant to this schedule, three GMO witnesses (and no Whinstone witnesses) are to have their depositions taken in September. However, last Wednesday, less than a week before the first GMO witness was scheduled to travel to the United States, counsel at Debevoise & Plimpton LLP ("Debevoise") called us with its first request (the "First Request"): that GMO consent to push all the depositions scheduled in September into October and November because Whinstone was too preoccupied with its status as a creditor in the Rhodium bankruptcy, filed last month, to allow offensive depositions of GMO witnesses to continue in the meantime. Notably, Debevoise is not counsel for Whinstone in the bankruptcy or in its pre-bankruptcy litigation with Rhodium.

Given the belated nature of the request, the tenuous justification provided therefore, and the fact that it has been Whinstone – not GMO, as claimed in the Extension Motion filed by Quinn Emanuel Urquhart & Sullivan, LLP ("Quinn Emanuel") – that has been repeatedly delaying the progress of this Action, GMO received the request with skepticism.[2] However, GMO considered it in good faith, trying to find dates within the already packed schedule for October and November that would work. GMO asked if Whinstone would be willing to reimburse it for any increased travel costs associated with rebooking. Whinstone declined to respond to this basic, reasonable request.

Yesterday, while discussing with Debevoise Whinstone's request to reschedule the three GMO depositions, we separately received a call from Quinn Emanuel with a second, entirely different request (the "Second Request"): that GMO consent to a blanket three-month extension for all deadlines in the case as a "professional courtesy" to allow Quinn Emanuel to come up to speed with the issues in the case. Nothing was mentioned about Rhodium's bankruptcy at all.

However, Quinn Emanuel is no stranger to the issues in this case. Curiously, Quinn Emanuel is debtor's counsel to Rhodium in the Rhodium Chapter 11 bankruptcy and is currently litigating *against* Whinstone in that Chapter 11 case, making almost identical allegations against Whinstone to the ones GMO has made here.[3] Indeed, as recently as August 24, 2024, Whinstone's new counsel Quinn Emanuel argued that: (i) like GMO, Rhodium "agreed to invest approximately $150 million to develop the [Texas] facility in exchange for a series of favorable contracts . . . which are crucial for Rhodium's bitcoin mining at the Rockdale Site," including "hosting agreements" and a "profit sharing agreement between Rhodium JV and Whinstone," (*see* Ex. A at 4); (ii) like GMO, "[b]ut for the Hosting Agreements and the fixed power prices they embody, Rhodium would not have

---

[2] Contrary to Quinn Emanuel's "understanding" that prior extensions in this Action were driven by GMO, as this Court is aware, the numerous extensions in this matter have been primarily driven by Whinstone. *See, e.g.*, ECF Nos. 94, 128, 135-36. Indeed, one such extension—which GMO did not oppose—was caused by GMO's shift in counsel from Foley & Lardner to Debevoise.  (*See* ECF No. 57 at 6:8-11.)  GMO has been extending scheduling courtesies to Whinstone in good faith in connection with this Action for *years*. The delays must come to an end.

[3] GMO is currently evaluating whether there are conflict issues impacting it and reserves the right to seek additional relief related thereto.

# HAYNES BOONE

invested in Whinstone's facility," (*see id.*); (iii) as with GMO, Whinstone failed to "supply Rhodium with electricity at least 96-97% of the time" as required by the hosting agreement, (*see id.* at 8); (iv) as with GMO, "shortly after the acquisition [of Whinstone by Riot], Whinstone (controlled by Riot) set out to oust Rhodium from the Rockdale Site, terminate the Whinstone Contracts, and take over the valuable Hosting Agreements," (*see id.* at 6-7);[4] (v) as with GMO, when Whinstone's efforts to oust Rhodium proved unsuccessful, "Whinstone engaged in extracontractual self-help: . . . it turned off the power, forced Rhodium's staff out of the facility, and declared the contracts terminated," (*id.* at 8); and (vi) as with GMO, "Whinstone may have actually profited from the shutdown by selling the unused electric power capacity back to the ERCOT grid," (*id.* at 11).

The notion that Quinn Emanuel needs three months to "get up to speed" on the facts of this action is therefore patently absurd. Putting aside that Quinn Emanuel is already deeply steeped in the facts surrounding the Rockdale Facility and Whinstone's disputes over its hosting agreements, Debevoise is *still counsel in this Action*. Presumably, Debevoise has been preparing for the depositions and can handle them without disturbing the schedule.

Late in the day yesterday, Debevoise made Whinstone's third request (the "Third Request"): that GMO agree to a two-month extension of all deadlines in the case, because Whinstone is party to a sub-proceeding in the Rhodium bankruptcy that requires expedited discovery over the coming months and does not have the resources to dedicate to two actions at once. This was the first time that schedule was even mentioned to GMO, much less pled as a reason for delay. But this schedule did not come out of nowhere: it was Whinstone – *negotiating against its new counsel, Quinn Emanuel* – that proposed these expedited dates to the Bankruptcy court in the first place. (*See* Ex. B.) Whinstone cannot complain of a problem of its own making.

The Extension Motion now requests a blanket extension of specified deadlines for three months. It does not seek – nor does the Decision grant – an adjournment of the depositions themselves. For the reasons outlined above, GMO respectfully requests that the Court clarify its Decision and order that the currently scheduled depositions (including Party and nonparty depositions) shall proceed as scheduled and agreed between the Parties. Otherwise, Whinstone should be ordered to pay for GMO's attorneys' fees incurred in negotiating and coordinating logistics for the current deposition schedule and increased costs associated with rescheduling the witness' previously booked travel. For avoidance of doubt, GMO intends to proceed with its noticed depositions of Whinstone and nonparty depositions unless directed not to do so by this Court.

---

[4] As argued by Quinn Emanuel, Riot made its intentions clear: "[Riot] wants to terminate these contracts and either replace them 'on terms more accretive to the Company,' or use the capacity 'as part of [its own] Bitcoin Mining operations.'" (Ex. A at 7.)

**HAYNES BOONE** 

Respectfully submitted,

*/s/ Leslie C. Thorne*

Leslie C. Thorne

> The depositions scheduled for the weeks of September 16th and September 23rd shall proceed as scheduled.  The scheduling of the remaining depositions will be discussed at a telephonic Case Management Conference on **Wednesday, September 18th, 2024 at 3:00p.m**. Counsel for the parties are directed to call Judge Parker's AT&T conference line at the scheduled time. Please dial (866) 434-5269; access code 4858267.
> The Clerk of Court is respectfully directed to terminate the motion at ECF No. 192.

SO ORDERED:

*/s/ Katharine H. Parker*   9/13/2024
HON. KATHARINE H. PARKER
UNITED STATES MAGISTRATE JUDGE