**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------X
GMO GAMECENTER USA, INC. and GMO
INTERNET, INC.,

                                Plaintiffs,

                -against-

WHINSTONE US, CORPORATION,

                                Defendant.

----------------------------------------------------------------X

**22-CV-5974 (JPC) (KHP)**

**PARTIAL RULING ON MOTION FOR PROTECTIVE ORDER**

**KATHARINE H. PARKER, United States Magistrate Judge:**

Defendant Whinstone US, Inc. ("Whinstone) has moved for a protective order striking certain topics contained in the Rule 30(b)(6) notice served by Plaintiffs GMO Gamecenter USA, Inc. and GMO Internet Group, Inc. (collectively, "GMO"). (ECF No. 208.)

The parties have agreed that Whinstone will make two 30(b)(6) witnesses available. The first, David Schatz, will be deposed on December 16, 2024, concerning 14 topics, seven of which the parties agree on in full. The remaining seven are in dispute between the parties and are the subject of this Order. Whinstone has also selected a second 30(b)(6) witness, Jeff McGonegal, who will be deposed on the remaining topics in January 2025, subject to the Court's ruling on those remaining topics.

This Order is limited to deposition topics 10, 27-29, 31-32 and 40. For the reasons set forth below, Whinstone's motion for a protective order as to these topics is denied in part, and granted in part insofar as the Court revises certain topics as noted below. The Court will issue an Order concerning the remaining deposition topics in dispute in the near future.

## DISCUSSION

The topics for which Mr. Schatz has been designated and which remain in dispute are the following:

Topic 10. Whinstone's removal or replacement of GMO's mining machines at the Texas Data Center, including but not limited to the removal or replacement occurring on or about March or April 2022.

Topic 27. The repair of GMO's mining machines at the Texas Data Center, including but not limited to repairs performed by Whinstone and/or HM Tech.

Topic 28. The operation, performance, and/or profitability of GMO's mining machines at the Texas Data Center, including but not limited to Whinstone's actions or inactions influencing the operation, performance, and/or profitability of GMO's machines.

Topic 29. Whinstone's instruction and/or direction to GMO to operate GMO's mining machines in a particular way, including but not limited to on "Normal Mode," "Low Power Mode," and "Low Power Enhanced Mode."

Topic 31. Whinstone's installation of Whinstone's miners or any other entity's miners in Building A or in place of GMO's miners.

Topic 32. The placement or storage of GMO's miners after Whinstone removed them from operation, including but not limited to requests from GMO to Whinstone to place GMO's machines back in operation and Whinstone's responses to such requests.

Topic 40. Whinstone and/or Riot's bitcoin mining in Building A of the Texas Data Center.

District courts possess "broad discretion to manage the manner in which discovery proceeds." *Diamond v. 500 SLD LLC*, 2022 WL 956262, at *2 (S.D.N.Y. Mar. 30, 2022) (quoting *In*

*re Subpoena Issued to Dennis Friedman*, 350 F.3d 65, 69 (2d Cir. 2003)). A court may issue a protective order to safeguard a party "from annoyance, embarrassment, oppression, or undue burden or expense," Fed. R. Civ. P. 26(c), "but the moving party bears the burden of establishing good cause for such a protective order." *Rekor Sys., Inc. v. Loughlin*, 2022 WL 488941, at *1 (S.D.N.Y. Feb. 17, 2022) (quoting *Qube Films Ltd. v. Padell*, 2015 WL 109628, at *2 (S.D.N.Y. Jan. 5, 2015)).  Good cause exists where a "party shows that disclosure will result in a clearly defined, specific and serious injury." *In re Terrorist Attacks on Sept. 11, 2001*, 454 F. Supp. 2d 220, 222 (S.D.N.Y. 2006) (internal quotation marks omitted). Ultimately, "[t]he grant and nature of protection is singularly within the discretion of the district court[.]" *Dove v. Atl. Cap. Corp.*, 963 F.2d 15, 19 (2d Cir. 1992).

Pursuant to Federal Rule of Civil Procedure 26(b)(3), all 30(b)(6) deposition topics must seek information relevant to the claims and defenses and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(3); *City of Almaty, Kazakhstan v. Sater*, No. 19CV2645JGKKHP, 2022 WL 10374082, at *3 (S.D.N.Y. Oct. 18, 2022).  Further, the party seeking the deposition must describe the deposition topics with "reasonable particularity." Fed. R. Civ. P. 30(b)(6). "Reasonable particularity" means that the topic must be specific to a subject area and have discernible boundaries.  *Winfield v. City of New York*, 15-cv-5236, 2018 WL 840085, *5 (S.D.N.Y. Feb. 12, 2018).  Courts must scrutinize Rule 30(b)(6) deposition topics to ensure they are not a tool for abuse of the discovery process.

Whinstone objects to many of the deposition topics on grounds of relevance, failure to describe a topic with reasonable particularity, and because Whinstone claims some of the topics contain argumentative phrasing or concern information exclusively in the possession of

Riot. The Court has reviewed the parties' briefs and communications regarding the seven topics designated to Mr. Schatz that remain in dispute. While some of the topics could be more precise or neutrally-phrased, the topics are relevant to the claims and defenses and proportional to the needs of the case. Generally, the topics are described with enough particularity to put Whinstone on notice of the subject matter for which its witness should be prepared to testify. Accordingly, Whinstone's motion for a protective order as to deposition topics 10, 27-29, 31-32 and 40 is largely denied, but granted insofar as the Court has revised or limited certain topics as noted below.

      The witness may be asked about Topic 10.

      For Topic 27, the witness may be asked about Whinstone's knowledge of the repair of GMO's mining machines at the Texas Data Center, including but not limited to repairs performed by Whinstone and/or HM Tech.

      For Topic 28, the witness may be asked about Whinstone's knowledge of the operation, performance and/or profitability of GMO's mining machines at the Texas Data Center and Whinstone's responsibilities, if any, vis-à-vis the operation, performance, and/or profitability of GMO's machines.

      For Topic 29, the witness may be asked about whether Whinstone ever instructed GMO to operate GMO's mining machines in a particular way or provided advice regarding the same, and if so, the witness may be asked to provide a description of the instruction/advice provided and the person(s) at Whinstone who provided it and to whom it was provided.

For Topic 31, the witness may be asked about Whinstone's installation of Whinstone's miners in Building A, or about the installation of miners belonging to others in place of GMO's miners.

For Topic 32, the witness may be asked about where GMO's miners were placed or stored at the Texas facility, temporarily or permanently, including instances when GMO's miners were moved within the Texas facility at GMO's request or otherwise, and the purpose of the miner's placement, and communications regarding same.

Whinstone may be asked about Topic 40. Although the witness need not be prepared to testify regarding *Riot's knowledge*, Whinstone has knowledge of Riot's mining in its facility and can answer questions regarding its own knowledge of this topic.

## CONCLUSION

Accordingly, Whinstone's motion for a protective order is denied in part as to the seven topics addressed in this Order, and granted in part insofar as the topics are revised as described above.

**SO ORDERED.**

DATED:   New York, New York
         December 13, 2024

_____
KATHARINE H. PARKER
United States Magistrate Judge