UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
GMO GAMECENTER USA, INC. and GMO
INTERNET, INC.,

                                      Plaintiffs,                            22-CV-5974 (JPC) (KHP)

           -against-                                  **OPINION AND ORDER**

WHINSTONE US, CORPORATION,

                                     Defendant.
-----------------------------------------------------------------X

**KATHARINE H. PARKER, United States Magistrate Judge:**

      Plaintiffs GMO Gamecenter USA, Inc. ("GMO-G"), and GMO Internet, Inc. ("GMO-I," together with GMO-G, "GMO") moved for a protective order precluding the deposition of Mr. Masatoshi Kumagai. For the following reasons, the motion is **DENIED**.

      Familiarity with the general facts underlying the case is presumed. The Court adds the following information pertinent to the motion. Mr. Kumagai is the Founder, Chairman, Representative Director, Group Representative, and Chief Executive Officer of GMO-I. In addition to the positions outlined above, Mr. Kumagai holds many other positions for many GMO-I affiliated entities, the most common position of which is the Chairman of the Board of Directors. He does not hold a position with GMO-G, though he is familiar with its operations. GMO-G's mining operations fall within the GMO-I group companies' cryptoassets business. (ECF No. 348-1 ¶¶ 3, 6, 12, 15.) He signed the W Colocation Services Agreement dated October 16, 2019 (the "Texas Agreement"), which underlies the claims in this case, on behalf of GMO, but asserts he has only limited, second- and third-hand knowledge of that agreement. (*Id.* ¶¶ 18-19).

The apex doctrine protects senior corporate executives from depositions except where certain criteria are met. Under the apex doctrine, unless an executive "'has unique evidence, personal knowledge of the claims at issue,' and 'other witnesses are incapable of providing testimony about the conduct alleged,'" executives are protected from being deposed. *Harapeti v. CBS Televisition Stations, Inc.*, 21-MC-680 (PAE), 2021 WL 3932424, at *2 (S.D.N.Y. Sept. 2, 2021) (quoting *Iowa Pub. Emps.' Ret. Sys. V. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 17-CV-6221 (KPF), 2020 WL 6273396, at *1 (S.D.N.Y. Aug. 28, 2020)). As this Court has observed in this case, one "rationale for this doctrine is proportionality, which evaluates, among other things, the burden on the noticed or subpoenaed party." *GMO Gamecenter USA, Inc. v. Whinstone US, Corp.*, 22-CV-5974 (JPC) (KHP), 2024 WL 3833882, at *4 (S.D.N.Y. Aug. 14, 2024) (Parker, J.). The party seeking to avoid the deposition still bears the burden of persuasion typical of motions for a protective order, but under the apex doctrine, there is a rebuttable presumption that a high-level officer's deposition represents an undue burden. *United States ex rel. Galmines v. Novartis Pharms. Corp.*, 2015 WL 4973626, at *1 (E.D. Pa. Aug. 19, 2015). Thus, to justify an apex deposition, the party seeking the deposition must prove that "the executive has first-hand knowledge of important facts and/or . . . there are not other less intrusive means to obtain the information." *GMO Gamecenter USA*, 2024 WL 3833882, at *4.

Here, Mr. Kumagai's deposition will provide unique evidence, as he clearly has personal knowledge of the underlying agreement that cannot be obtained from other sources. Mr. Kumagai's declaration, asserting the contrary, is not persuasive. The record is replete with Mr. Kumagai's emails, which portray a very different picture than the one painted by GMO. To wit, they show an executive intimately involved in every aspect of key strategic decisions within the

nucleus of facts that are the subject of this lawsuit. (*See, e.g.*, ECF No. 362-6.) His emails demonstrate he was a very hands-on businessman who developed the major business strategies of GMO during the relevant time period. (*See, e.g.*, ECF No. 362-5.) He consistently received detailed reports via email regarding various matters relevant to this litigation. (*See, e.g.*, ECF Nos. 362-10, -11, -13, -14, -15, -16.) Furthermore, to the extent that his emails have been produced, he will clearly need to be examined (and cross-examined) regarding the content of those productions. It is also significant that he signed the Texas Agreement, and Whinstone will want to question him about the signing of that document and what he reviewed leading up to that signing. He also signed the Pledge and Security Agreement in connection with the Texas Agreement. (ECF No. 362-20.) This is not a situation where a top executive was merely apprised of information and simply had ultimate authority; rather, the evidence presented show that Mr. Kumagai has unique perspective on GMO's business strategy and, though he did not manage the day-to-day operations, was intimately involved in directing and deciding key corporate actions at issue in the case. Accordingly, the parties shall confer on a schedule to depose Mr. Kumagai to occur before July 31, 2025.

The Court has considered the other arguments of the parties and considers them unpersuasive. The request for fees is **DENIED** to both parties. The Clerk is respectfully directed to terminate the motion at ECF 346.

    **SO ORDERED.**

DATED:    New York, New York
             May 23, 2025

                                            KATHARINE H. PARKER
                                            United States Magistrate Judge