**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
GMO GAMECENTER USA, INC. and GMO
INTERNET, INC.,

                                     Plaintiffs,                    **22-CV-5974 (JPC) (KHP)**

             -against-                             **OPINION AND ORDER**

WHINSTONE US, CORPORATION,

                                     Defendant.
-----------------------------------------------------------------X

**KATHARINE H. PARKER, United States Magistrate Judge:**

The parties in the above-captioned action appeared before the undersigned on May 22, 2025, at 11:30 a.m. for a case management conference. The Court ruled on the record regarding multiple open letter motions for discovery docketed as ECF Nos. 330 (and the unredacted version, 332), 333 (and the related letter, ECF 336), and 355. Those rulings are memorialized as follows:

- ECF No. 330 & 332. GMO sought additional discovery pre-dating Riot's acquisition of Whinstone. The request is not proportional to the needs of the case. As noted on the record, they have a large amount of information with which they may seek to prove their theory of Riot's involvement in the alleged breach of contract. For example, they have information from Chad Harris, among others. Thus, the request is **DENIED.**

- ECF No. 333 & 336. GMO sought a number of documents. The Court rules as follows.
    - As to the purported training manual, the exhibits and amendments to the Riot-Whinstone Hosting Agreement, and the legacy customer documents, the requests are **DENIED**. The Court accepts Whinstone's representations that these

documents have been produced and no further documents exist or otherwise do not exist.

- As to Mr. Thillainathan's emails, the request is **DENIED.** The Court is persuaded that to whatever extent relevant emails from Mr. Thillainathan were not produced by Riot and/or Whinstone, these requests are not proportional to the needs of the case. There is no dispute that Thillainathan's email box was empty and that Whinstone has searched the email of other agreed-upon custodians who had communications with Thillainathan and produced all such communications found through application of agreed-upon search terms. GMO thus already has some emails from Thillainathan and further has other documents it can use to support its arguments. At this point in the litigation, given all that has been produced, it is simply not proportional to the needs of the case to require Whinstone/Riot to reconstruct Mr. Thillainathan's inbox from other email accounts at the company.

- As to the curtailment and power sales documents, the Court **GRANTS IN PART** the request. Specifically, Whinstone shall review whether PPM sent automated emails when power was curtailed for reasons other than 4CP, and, if so, shall produce them. Further, Whinstone shall produce the meter data for the other buildings at the facility. The requests are otherwise **DENIED** because they are not proportional to the needs of the case given the other information that has already been produced that allow GMO to make its arguments.

- <u>ECF 355.</u>  The request by GMO for additional deposition testimony from Riot's corporate representative is **GRANTED**.  As a matter of scheduling, the Court will first issue its ruling on the motion to compel production of documents withheld by Whinstone as privileged.  GMO shall have two weeks from the date of the ruling to file any motion to compel deposition answers of Riot's corporate representative.  The motion shall be narrowed only to the questions marked for ruling in the original deposition and appropriate, relevant follow-up from those questions.  The request is otherwise **DENIED** (with respect to the itemized privilege log).

The Clerk of the Court is respectfully directed to terminate the motions at ECF Nos. 330, 332, and 355.

**SO ORDERED.**

DATED:   New York, New York
         May 23, 2025

_____
KATHARINE H. PARKER
United States Magistrate Judge