# HAYNES BOONE



*Via ECF*                                                                                                                July 17, 2025

The Honorable John P. Cronan
U.S. District Court for the Southern District of New York
500 Pearl Street, Room 1320
New York, NY 10007

      Re:    *GMO Gamecenter USA, Inc., et al. v. Whinstone US, Inc.*, No. 1:22-cv-05974

Dear Judge Cronan:

      We write on behalf of Plaintiffs GMO Gamecenter USA, Inc. and GMO Internet Group, Inc. (collectively, "GMO") concerning this Court's July 14, 2025 Order (the "Sealing Order"; ECF 440). The Sealing Order granted defendant Whinstone US, Inc.'s ("Whinstone") letter request to file a redacted copy of Whinstone's Objection to Magistrate Judge Parker's Discovery Order (the "Objection") on the public docket (the "Sealing Request"; ECF 431). However, Whinstone did not provide GMO with an unredacted copy of the Objection, which only contains redactions to material already determined by Magistrate Judge Parker to be nonprivileged. For the following reasons, GMO respectfully requests that the Court order Whinstone to provide GMO with an unredacted copy of the Objection on an attorneys' eyes only basis so GMO can respond to Whinstone's arguments.

      On July 10, 2025, Whinstone filed a heavily redacted brief in support of its Objection to Magistrate Judge Parker's Discovery Order (the "Discovery Order"). *See* ECF 432 at 6-7, 9-11, 14-17, 22. A copy of the redacted portions of the brief are attached hereto as **Exhibit A**. Simultaneously with its Objection, Whinstone filed the Sealing Request "in accordance with Rule 4.B.ii of the Court's Individual Rules and Practices in Civil Cases" (the "Individual Rules"). ECF 431. Specifically, Whinstone requested permission to "redact the portions of the Objection that quote from and reference the protected information." *Id*. What Whinstone did not mention in the Sealing Request is that this was no ordinary sealing request to prevent disclosure of confidential information to the public. Rather, it was a request not to reveal this information to GMO as well, rendering the redacted content an *ex parte* submission. With these vital facts omitted from the Sealing Request, on July 14, 2025, the Court entered the Sealing Order. ECF 431. ***As a result, GMO is not able to view large portions of the Objection, which have been submitted to the Court for in camera review***.

      In an effort to resolve this matter without court intervention, GMO conferred with Whinstone's counsel and proposed that the redacted portions be disclosed on an attorneys' eyes only basis, which Whinstone rejected. Accordingly, GMO seeks relief from this Court so that it may respond to all arguments raised within the Objection, which the extensive redactions inhibit it from doing.

      GMO respectfully submits that the Sealing Request was improper for three reasons. **First**, prior to filing the Sealing Request, Whinstone did not meet and confer with GMO as required by Rule 4.B.i of the Individual Rules. Had Whinstone explained to GMO its purpose and plan – i.e., that Whinstone intended not just to file a redacted copy on the docket, but to only provide GMO

**HAYNES BOONE**

with a redacted copy, GMO would have rejected Whinstone's request to make an *ex parte* submission to the Court.

**Second**, the Sealing Request does not comply with Rule 4.B.ii of Your Honor's Individual Rules, as it did not "demonstrate that the standards for sealing have been met" or "specifically address *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006) or any other controlling authority." In fact, the Sealing Request did not cite to any authority. And, although the Sealing Order cited to *Lugosch*, ECF 431, *Lugosch* does not address the situation presented here—*i.e.*, a request to file a heavily redacted brief that prevents access not just to the public, but also to the *party opposing the brief*. In fact, GMO is unaware of any authority that would permit such redactions, let alone where, as here, the documents have already been determined by the Discovery Order not to be privileged.[1]

**Third**, and most importantly, Whinstone's interpretation of the Sealing Request and resulting Sealing Order as permitting it to provide GMO with only a redacted copy prevents GMO from meaningfully opposing the Objection in violation of Rule 26(b)(5)(A). To this end, Rule 26(b)(5)(A) provides that:

> When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must … describe the nature of the documents, communications, or tangible things not produced or disclosed--*and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim*. (emphasis added).

Whinstone's Objection relies heavily on the redacted portions of the brief to argue that the Discovery Order was improper. However, in doing so, Whinstone is squarely preventing GMO from adequately "assess[ing] the claim." The Objection is therefore tantamount to an "*ex parte* presentation would appear to conflict with Fed. R. Civ. P. 26(b)(5)(A)." *Brodsky v. Kaleida Health*, No. 01-CV-0676SR, 2007 WL 9777691, at *3 (W.D.N.Y. Oct. 25, 2007). In *Brodsky*, the Court explained:

> It may be that, if defendants were allowed the opportunity to make an in camera presentation to the court, they could persuade me that some or all of the documents are privileged. However, defendants acknowledge that they can find no authority for such a hearing (Dkt. #162, p. 1), and allowing an ex parte presentation would appear to conflict with Fed. R. Civ. P. 26(b)(5)(A), which requires the party claiming privilege to 'describe the nature of the documents ... in a manner that, without revealing information itself privileged or protected, will enable *other parties* to assess the applicability of the privilege or protection.' The fact remains that the explanation which defendants have furnished, coupled with my own in camera review

---

[1] Whinstone has yet to obtain a stay of the Discovery Order, which required Whinstone to produce all documents by July 10, 2025. After GMO notified Whinstone that it must produce the five documents because no stay was in place, Whinstone sought a stay on July 14, 2025, which GMO has opposed, and is currently pending before Judge Parker.

**HAYNES BOONE** 

of the documents at issue, does not convince me that the documents are privileged (emphasis in original).

Further, there is no prejudice to Whinstone in allowing GMO to view the brief in unredacted form. To the extent that your Honor determines that any of the documents at issue in the Objection are privileged, Whinstone will be permitted to claw them back. On the other hand, GMO is substantially prejudiced by these redactions, which prevent GMO from meaningfully opposing the Objection.

Accordingly, GMO respectfully requests that the Court direct that Whinstone provide GMO with the version of the brief submitted for in camera review. While GMO expects Whinstone to argue that such an order would necessarily reveal privileged information, Whinstone chose to reveal information it claims is privileged in its Objection rather than "describe the nature of the documents" as it did when it filed its opposition to GMO's motion giving rise to the Discovery Order. *See* ECF 292 at 21-23 (describing the documents it claims are privileged without redactions).

Finally, while the instant request is pending, GMO respectfully requests an order tolling the deadline for GMO to submit its opposition, which is currently due to be filed on July 24, 2025. GMO is prepared to submit its opposition within seven days of this Court's decision.

GMO is prepared to discuss this with the Court at its earliest convenience.

Respectfully submitted,

*/s/ Leslie C. Thorne*

Leslie C. Thorne

Whinstone shall file a letter responding to the arguments made herein no later than July 22, 2025.  GMO's deadline to submit its opposition to Whinstone's objection at Dkt. 432 is adjourned to seven days after the Court resolves the instant motion to compel.

SO ORDERED
July 18, 2025
New York, New York

_____
JOHN P. CRONAN
United States District Judge

3