HAYNES BOONE 

***Via ECF*** July 28, 2025

The Honorable John P. Cronan
U.S. District Court for the Southern District of New York
500 Pearl Street, Room 1320
New York, NY 10007

**Re: *GMO Gamecenter USA, Inc., et al. v. Whinstone US, Inc.*, No. 1:22-cv-05974**

Dear Judge Cronan:

We write on behalf of Plaintiffs GMO Gamecenter USA, Inc. and GMO Internet Group, Inc. (collectively, "GMO"). Defendant Whinstone US, Inc. ("Whinstone") provided GMO with a revised Objection to Magistrate Judge Parker's Discovery Order (the "Objection"), which unredacted certain selected text. In response to your Honor's request, ECF 463, it is GMO's position that the Objection should contain *even fewer redactions*. Specifically, GMO takes issue with the redactions on Pages 6-7 of the Objection relating to CAT 16, which underlying document GMO recognizes Judge Parker found to be privileged.

For the avoidance of doubt, GMO is *not* requesting that quotations to CAT 16 which reveal privileged information be unredacted. However, as explained in GMO's prior letters, ECF Nos. 450 and 460, a party supporting its privilege claim is required to describe the nature of the documents in a manner that will "enable other parties to assess the claim." Here, Whinstone's assertion of privilege in the Objection as to CAT 20, 21, 49, 51 and 52 (the "Non-Privileged Documents") is based on CAT 16.

Therefore, GMO believes that any portions of pages 6-7 that contain a mere description of CAT 16, or an innocuous quotation that does not reveal privileged information, should not be redacted. And, to the extent the redactions on pages 9 and 10 (relating to portions of the Non-Privileged Documents Judge Parker found to be privileged) are descriptions or innocuous quotations, the same holds true.

Because GMO cannot see what was redacted, GMO cannot say with certainty that descriptions or innocuous quotations continue to be redacted. However, GMO requests that the Court review the remaining redactions with appropriate scrutiny given that Whinstone's *prior* redactions referencing the Non-Privileged Documents were largely unfounded. Said differently, when Whinstone provided GMO with a less redacted version of the Objection, it was immediately apparent that there were several portions of the Objection that should not have been redacted in the first place. To provide some examples, the italicized portions of the following sentences were originally redacted:

- "…" Obj. at 9.

HAYNES BOONE 



- "[REDACTED]." Obj. n. 5.[1]
- "The email chain originates with [REDACTED]." Obj. at 10.
- "Consultation with Kevin Haugen [REDACTED]." Obj. at 10.
- The very analysis Mr. Zhang discussed in CAT 16 was attached to CAT 20, and information from that privileged analysis was copied into the body of CAT 20 to test the [REDACTED]. Obj. at 22.

Mere descriptions, such as these that do not reveal privileged information, should not be redacted. As such, GMO respectfully requests that the Court review the remaining redactions in the Objection— attached hereto as **Exhibit A**—to determine whether Whinstone should further limit its redactions.

Respectfully submitted,

Leslie C. Thorne

GMO's Motion to Compel, Dkt. 450, is denied in light of the lesser-redacted copy of the Objection provided to GMO. The remaining redactions contain quotations from or detailed descriptions of the content of the privileged documents, such that the privileged information would be revealed to GMO if it were provided with a further unredacted copy. The Clerk of Court is respectfully directed to terminate the motion pending at Docket Number 450.

SO ORDERED
July 29, 2025
New York, New York

JOHN P. CRONAN
United States District Judge

[1] The title of this presentation was already provided to GMO in Whinstone's privilege log.