wo

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
GMO GAMECENTER USA, INC. and GMO
INTERNET, INC.,

                              Plaintiffs,

        -against-

WHINSTONE US, CORPORATION,

                              Defendant.
-----------------------------------------------------------------X

**22-CV-5974 (JPC) (KHP)**

**OPINION AND ORDER ON MOTION TO COMPEL DOCUMENTS WITHHELD AS PRIVILEGED**

**KATHARINE H. PARKER, United States Magistrate Judge:**

In this breach of contract case, the parties filed cross-motions to compel documents withheld as privileged. The Court previously granted in part and denied in part a motion filed by Plaintiffs GMO Gamecenter USA, Inc. and GMO Internet, Inc. (together, "GMO"), requiring production of privileged documents withheld by Defendant Whinstone US, Corp. ("Whinstone"). For the reasons that follow, the Court now **grants in part** Whinstone's cross-motion for the same relief.

## Background

To the extent they are relevant to the instant motion, the Court incorporates by reference its statement of the facts germane to this case. (ECF No. 420, at 1-7.) It adds only the following facts pertaining to this motion.

GMO served an initial privilege log with more than 11,000 entries on September 12, 2024, supplementing that log on January 31, 2025. (ECF Nos. 299-1, 299-2.) After the parties conferred on purported deficiencies to the log, the parties agreed GMO would produce an

1

updated privilege log by March 10, 2025. (ECF No. 275.)[1] Whinstone acknowledges GMO served a revised log and supplemental production by March 10, but adds that it subsequently further revised the log and served amended versions on March 14, 16, and 23, 2025.[2] (*See also* ECF No. 299-3.) Whinstone says GMO has continued to make rolling productions of documents for which it withdrew its claims of privilege after the March 10, 2025 deadline.

GMO also clawed back as privileged more than 1,200 documents in total from those it had produced to Whinstone by the time this motion was filed. (ECF Nos. 299-4 to -6.)

Whinstone brought this motion on March 24, 2025, to challenge GMO's privilege assertions over a large number of documents. (ECF No. 297.) However, according to Whinstone, GMO produced more than half of the documents challenged for privilege by the time Whinstone filed its reply. (ECF No. 319, at 2.) Subsequently, the Court ordered the submission of a selection of the remaining challenged documents for in-camera review. (ECF No. 359.)

**Legal Standards**

The Court previously recounted the legal standards applicable to attorney-client privilege and the work-product doctrine at length in its prior Opinion and Order. (ECF No. 420,

---

[1] While somewhat beside the point, Whinstone's assertion that "the Court adopted the parties' proposed schedule, under which GMO would provide a revised privilege log to Whinstone by March 10" may misconstrue the extent of the Court's order. The endorsement provided that the Court "adopt[ed] the parties' proposed *briefing* schedule," rather than adopting all dates noted in the February 17, 2025 letter. (ECF No. 275 (emphasis added).) Thus, the Court did not express a view as to what date the parties agreed the revised privilege log should be served and did not order the privilege log be produced by March 10, 2025. Accordingly, to any extent Whinstone's argument regarding the privilege log and clawed back documents rests on the idea that the March 10, 2025 deadline was explicitly court-ordered, it is mistaken. Indeed, the Court's order setting the deadline for the status letter only requested a briefing schedule, not a date for the privilege log to be served. (ECF No. 273.)

[2] This motion was filed on March 24, 2025. (ECF No. 297.)

at 7-17.)  Accordingly, the Court incorporates those standards by reference into this opinion.  (*See id.*)  The Court adds the following standards pertinent only to this motion.

Where parties enter into a protective order providing that inadvertent production of otherwise privileged materials shall not constitute a waiver of privilege, courts may still find waiver if a party is "completely reckless" in producing the privileged material. *U.S. Comm. Futures Trading Comm'n v. Parnon Energy*, No. 11-cv-3543 (WHP), 2014 WL 2116147, at *4 (S.D.N.Y. May 14, 2014).  To be considered "completely reckless," "the producing party must have shown no regard for preserving the confidentiality of the privileged documents." *Id.* (internal quotation marks omitted).  A production involving "a large number of documents," alone, is insufficient to show the producing party was completely reckless, since in document production, "errors—even those involving multiple documents—are inevitable." *Id.*

## Discussion

Whinstone raises three basic challenges to GMO's privilege assertions.  First, it asserts GMO has withheld a category of documents that it cannot prove are privileged either because (a) the documents have no connection to an attorney, (b) GMO asserts the legal advice was conveyed by the "in-house legal team," rather than by a specific attorney, or (c) the attorneys are only carbon copied on the communications.  Second, Whinstone alleges GMO has not shown it anticipated litigation as to some of the documents withheld under the work product doctrine.  Third, and finally, Whinstone challenges that GMO waived privilege as to inadvertently produced documents that it attempted to claw back after March 10.

As to the documents that are not connected to an attorney, on which the attorneys are only carbon copied, or on which Whinstone has asserted work product protection, the Court's

determinations regarding the documents submitted for in-camera review are attached to this Opinion and Order as Appendices A and B, along with the Court's reasoning for those determinations. Determinations on those documents will be fact-specific to the contents of the documents reviewed (though, as always, the principles used to evaluate those documents will require GMO to re-review other similar documents to see if the Court's rationale applies to those documents). As to the remaining two categories—legal advice marked as conveyed by the "in-house legal team" and documents GMO attempted to claw back after March 10—some further discussion is required.

1. *"In-house Legal Team" Designations*

Whinstone argues generally that merely noting the attorney creating the privilege is "in-house legal team" in a privilege log is insufficient to receive protection. GMO counters that there is no per se rule against putting "in-house legal team" on a privilege log where a specific attorney cannot be named.

GMO is correct that there is no such per se rule. To begin with first principles, it is well-established that, while "determining the scope of a privilege is a question of law," "[t]he applicability of a privilege is a factual question." *United States v. Pugh*, 945 F.3d 9, 18 (2d Cir. 2019) (internal quotation marks omitted) (citing *United States v. Mejia*, 655 F.3d 126, 131 (2d Cir. 2011)). The parties here raise only factual questions regarding the applicability of the privilege. While the Court has concluded GMO has improperly asserted the privilege on some documents, *see infra* App'x A & B, there is no general issue with the adequacy of their factual assertions to meet their burden of proof.

4

On this point, Whinstone has overstated the holding of *In re Rivastigmine Patent Litigation (MDL No. 1661)*. 237 F.R.D. 69, 83-85 (S.D.N.Y. 2006), *abrogated in part on other grounds*, *In re Queen's Univ. at Kingston*, 820 F.3d 1287 (Fed. Cir. 2016).  There, the court concluded that failing to identify individuals involved in communications may foreclose a party's ability to invoke privilege. *See id.*  In particular, the plaintiffs in that case "claimed attorney-client privilege for documents without identifying the relevant employees of the client corporation, . . . [and] also failed to clarify whether the communications involved any attorney." *Id.*  The specific failure in *Rivastigmine Patent* was that the log had insufficiently established a factual basis for the assertions of privilege. *Id.* (citing *Johnson Matthey, Inc. v. Research Corp.*, No. 01-cv-8115, 2002 WL 31235717, at *3 (S.D.N.Y. 2002).

In this case, GMO has not failed to indicate the individuals involved in any particular communication (or group of communications).  Rather, their privilege assertions provide ample factual basis to make a privilege determination.  Indeed, Whinstone's motion papers tacitly admit that they can distinguish precisely which communications do and do not involve any attorney; they object chiefly that a communication which fails to include or identify any specific attorney creating the privilege cannot be privileged.[3]  GMO is correct that there is no such rule, nor can *Rivastigmine Patent* be read to imply such a rule.  Indeed, courts regularly conclude it is not required "that an attorney be a party to the communication that shares the legal advice from the attorney" and that there is no "particular need for the attorney's name to be revealed

---

[3] GMO is correct, and the Court well recalls, that Whinstone utilized a similar method of identifying attorneys on its own privilege log, sometimes only referring to the law firm creating the privilege, rather than any individual attorney. *See* ECF No. 261-1.  There is no reason why this marking would be treated differently than marking "In-house Legal Team" as the attorney creating the privilege, as Whinstone unconvincingly asserts.  The content of the communications reviewed in camera allowed the Court to determine whether the in-house legal team was conveying business or legal advice, as reflected in its determinations at Appendices A and B.

5

in the communication, or for that matter the privilege log, in order for the privilege to be maintained." *See, e.g.*, *In re Allergan plc Sec. Litig.*, No. 18-cv-12089 (CM) (GWG), 2021 WL 4121300, at *3 (S.D.N.Y. Sept. 9, 2021).

Rather, as noted, the applicability of privilege to a given document is a question of fact. Without doubt, it is not beyond the ken that a party may fail to prove their assertion of privilege as to a specific document (as the Court previously concluded Whinstone had failed to do with respect to particular documents)—which would differ from the generalized failure to provide a factual basis adequate to support the privilege assertions of a category of documents in *Rivastigmine Patent*—but Whinstone's challenges to specific documents note who was on a communication (including attorneys). The Court's review, and its determinations at Appendices A and B, involved evaluating whether the communications in fact relayed legal or merely business advice. Thus, Whinstone's arguments on this point are unavailing.

2. *Clawed Back Documents After March 10*

Whinstone also takes issue with GMO's clawback notice served on March 14, 2025, containing 613 documents over which GMO had never previously asserted privilege or work product protection, as well as to 103 documents not included in the March 10 revised privilege log. The Court is not persuaded that Whinstone's factual allegations support the conclusion that GMO has been "completely reckless" regarding the documents it has inadvertently produced. Without doubt, GMO has made errors in its productions and privilege logs, but this alone is insufficient to warrant a finding that it waived privilege on any clawed back documents. Nor are Whinstone's other circumstantial assertions availing that GMO has been "completely

reckless." Rather, there is ample support in the record that GMO has undertaken a laborious and sophisticated level of review, albeit with some mistakes.

Whinstone cites one major case on this point, but it is distinguishable from the circumstances here. In *U.S. Commodity Futures Trading Commission v. Parnon Energy*, 2014 WL 2116147, the producing party, the C.F.T.C., was found completely reckless after disclosing details which ultimately revealed the identity of a confidential informant. The C.F.T.C. later invoked the informer's privilege to try to conceal the identity of the informant. The Court concluded that the error was "no mere slip-up or technical error," and "[t]he [C.F.T.C.] handed over hundreds of thousands of documents without first scanning them for privileged information." *Id.* at *1-2, *5.

Here, the opposite is plainly the case. GMO has been diligently scanning—and re-scanning—documents for privilege review and updating its log and productions accordingly, often within just a few days, as Whinstone acknowledges. And while the issues with the inadvertent productions are less than ideal, as GMO's discovery vendor's declaration makes clear (ECF No. 309), that does not make the productions completely reckless. There can be no doubt that GMO implemented sophisticated procedures—which unfortunately may have failed as to some sets of documents—placing this case in company with others where parties were found not to be completely reckless. *See, e.g.*, *HSH Nordbank AG New York Branch v. Swerdlow*, 259 F.R.D. 64, 75 (S.D.N.Y. 2009); *see also United States v. Wells Fargo Bank, N.A.*, No. 12-cv-7527 (JMF), 2015 WL 5051679, at *2 (S.D.N.Y. Aug. 26, 2015). Finally, the Court is not persuaded that GMO waived privilege by failing to timely log (by March 10, 2025) some of the documents clawed back in the March 14, 2025 clawback notice. GMO, as with all parties, is

under a continuing obligation to revise its productions and privilege log in accordance with its evolving review, and the clawback notice sent a mere four days later contained notice of a small set of additional privileged documents.  Certainly, GMO should update its privilege log to reflect those documents if it has not already.  Accordingly, GMO has not waived privilege over any of its clawed back documents.

## Conclusion

For the reasons above and given in Appendices A and B, the Court **grants in part** and **denies in part** Whinstone's motion.  GMO shall produce the documents indicated at Appendices A and B in two weeks.  Further, GMO shall produce a revised privilege log within twenty-one (21) days.  The Clerk is respectfully directed to terminate the motion at ECF No. 297.

DATED:    New York, New York
          August 8, 2025

_____
KATHARINE H. PARKER
United States Magistrate Judge

# APPENDIX A

# COURT DETERMINATIONS AS TO GMO SUBMITTED DOCUMENTS

| Document ID | Privilege Claimed | Court Determination | Ordered |
|---|---|---|---|
| REL_RSMF_00165889 | Attorney/Client;Work Product | WP protection applies; no need to address A/C privilege; the redacted portion of document is a discussion about this litigation and includes questions and deadlines and some strategic issues. No waiver applies. | May be withheld |
| REL00006638 | Attorney/Client;Work Product | WP protection applies; no need to address A/C privilege; the document is draft of Rule 26 disclosures in this action containing attorney comments/questions. No waiver applies. | May be withheld |
| REL00006762 | Work Product | WP protection applies; this is a document created in connection with this action and relates to compliance with document collection and production. No waiver applies. | May be withheld |
| REL00007172 | Attorney/Client;Work Product | WP protection applies; no need to address A/C privilege; this document is draft of information requests necessary for working with damages expert in this case. No waiver applies. | May be withheld |
| REL00007567 | Attorney/Client;Work Product | WP protection applies; no need to address AC privilege; this is a draft complaint in this action with attorney mark-ups and questions for client. No waiver applies. | May be withheld |
| REL00007594 | Attorney/Client;Work Product | WP protection applies; no need to address A/C privilege. Haynes and Boone's litigation group was engaged in October 2021. This document was dated April 2022. Virtually all of the analysis in the document is related to GMO's damages calculations. No waiver applies. | May be withheld |
| REL00020172 | Attorney/Client;Work Product | A/C privilege and WP protection both apply; the document reflects communications between GMO's outside counsel and GMO regarding this litigation and strategy as to same. No waiver applies. | May be withheld |

| | | | |
|---|---|---|---|
| REL00042357 | Attorney/Client | A/C privilege applies; this document includes what is clearly a detailed message from GMO's in-house counsel to client and client also repeating certain advice provided by outside counsel in this litigation. No waiver applies. | May be withheld |
| REL00044374 | Attorney/Client | A/C privilege applies. This document relays legal advice regarding negotiation of a contract and proposed/draft provisions by the Nishimura law firm. No waiver applies. | May be withheld |
| REL00061624 | Attorney/Client | No A/C privilege applies; although GMO states that 3 pages reflect legal advice, the content is factual and/or related to the business's negotiating policy (i.e., reflects business priorities); no legal advice is conveyed or requested. | Produce in full |
| REL00070224 | Attorney/Client; Work Product | A/C privilege applies; no need to address WP; communications between counsel and client regarding access to Whinstone site and documents needed to secure entry. No waiver applies. | May be withheld |
| REL00184856 | Attorney/Client; Work Product | WP protection applies; no need to address A/C. No waiver applies. These are communications concerning GMO's collection of documents for discovery in the instant litigation. | May be withheld |

| | | | |
|---|---|---|---|
| REL00538734 | Attorney/Client; Work Product | The A/C privilege applies to a substantial portion of the document, and the non-privileged portions of the document are not currently proportional to the needs of the case. Detailed billing records are generally protected from disclosure. *Ehrich v. Binghamton City Sch. Dist*., 210 F.R.D. 17, 22 (N.D.N.Y. 2002) (recognizing New York's privilege against disclosure of "detailed legal bills showing services, conversations, and conferences between counsel and others."). While it is true that billing records can be redacted and produced so that they reveal non-privileged information about general work performed and fee information, even if relevant, production of redacted invoices is not proportional to the needs of the case at this time and this Court will not order it. | May be withheld |
| REL00542606 | Attorney/Client; Work Product | This is an A/C privileged communication regarding negotiation of contract and commencement of potential litigation. Much of the lengthy email chain is between and among outside counsel for GMO. To the extent some of the emails are in the nature of transmittal communications, they are not privileged; however, it is not proportional to the needs of the case to require redaction and production of these email chain reflecting communications with outside counsel. The Court need not analyze WP protection. No waiver applies. | May be withheld |

| | | | |
|---|---|---|---|
| REL00614415 | Attorney/Client | A/C privilege applies in part. This email chain includes a description of advice provided by outside counsel and advice sought from outside counsel regarding draft documents concerning visiting Texas facility and commencement of litigation. Other parts are simply transmittal and scheduling and not privileged. The document shall be produced in part, while redacting privileged communications. No waiver applies. | Redact and produce in part |
| REL00946884 | Attorney/Client | A/C privileged in part to the extent it discusses settlement discussions to take place in the instant matter. The remainder of the cover email does not convey or request legal advice. Engagement of translator is not privileged communication. No waiver applies. Produce in part, redacting privileged communications. | Redact and produce in part |
| REL01550031 | Attorney/Client | A/C privilege applies; the document reflects advice/communications regarding draft contract; no waiver applicable. | May be withheld |
| REL01550881 | Attorney/Client; Work Product | A/C privilege & WP protection apply to highlighted slide but not last slide setting forth market conditions and mining results. Also, GMO has not shown it would have been prepared in a different way but for anticipated litigation; the last page is also not A/C privileged because it is factual and does not convey or reflect legal advice. First slide and agenda was created in anticipation of litigation and would not otherwise have been prepared and thus WP applies to it. No waiver applicable. | Redact and produce in part |

| | | | |
|---|---|---|---|
| REL07856120 | Attorney/Client; Work Product | WP protection applies; there is no need to address A/C. No waiver applies. These are internal communications about upcoming settlement conference with court and strategy regarding the same. | May be withheld |
| REL07946961 | Attorney/Client; Work Product | WP protection applies; no need to address A/C. No waiver applies. Clearly prepared in connection with pending litigation. | May be withheld |
| REL08025368 | Attorney/Client; Work Product | WP protection applies; no need to address A/C. This is clearly prepared in anticipation of litigation and would not otherwise have been created. No waiver applies. | May be withheld |
| REL08598286 | Attorney/Client; Work Product | No A/C privilege applies because no legal advice conveyed or sought. No WP protection. GMO has not demonstrated that this was prepared because of, in anticipation of litigation. Although the parties were discussing the contract, no litigation had been filed and this document was created well in advance of outside counsel for this litigation being hired. Further, the information on the third page of the document is factual that would have been prepared this way regardless of any litigation, as it is merely an update on status of negotiations and issues with the mining machines. | Produce in full |
| REL09641550 | Attorney/Client | No A/C privilege applies because no legal advice was conveyed or sought. | Produce in full |
| REL14924466 | Attorney/Client; Work Product | WP protection applies as this relates to document collection for the instant matter. No waiver applies. | May be withheld |

| | | | |
|---|---|---|---|
| REL15103924 | Attorney/Client; Work Product | WP protection applies because it concerns work with an expert in this matter. Under Rule 26(b)(4)(C) communications between a party's attorney and any expert who will be providing an expert report are not protected if they identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed. Insofar as expert reports are not yet due, it is premature for the Court to evaluate whether the information provided to the expert in the communication was relied on. Therefore, WP is upheld without prejudice to production of this communication if GMO's expert relies on the information produced pursuant to this communication. | May be withheld |

# APPENDIX B

# COURT DETERMINATIONS AS TO WUS SUBMITTED DOCUMENTS

| Document ID | Privilege Claimed | Court Determination | Ordered |
|---|---|---|---|
| REL00042765 | Attorney/Client | A/C privilege applies to this document, which reflects legal advice regarding draft agreements. No waiver. | May be withheld |
| REL00044802 | Attorney/Client | Most of the document is not a protected A/C privileged communication because no legal advice is specifically requested or conveyed with the exception of the inclusion of legal advice in a parenthetical on page 1 in the last bullet, which may be redacted. No waiver of privilege. | Redact and produce in part |
| REL00044803 | Attorney/Client | Most of the document is not protected A/C communications because no legal advice is specifically requested or conveyed with the exceptionof a sentence on p. 3 point (3) where there is a sentence discussing an issue to discuss with a lawyer. That sentence can be redacted. No waiver of privilege. | Redact and produce in part |
| REL00044835 | Attorney/Client | Most of the document contains no protected A/C communications because no legal advice is specifically requested or conveyed and most of the information is factual. However, the top email from Yamashita dated December 18, 2019, at 2:05:48 a.m. (UTC), can be construed as a request for advice on language in the contract being negotiated based on the declaration of Kawasaki. Thus, that top email may be redacted but the remainder of the document should be produced. No waiver of privilege. | Redact and produce in part |
| REL00044888 | Attorney/Client | Most of the document is not a protected A/C communication because no legal advice is specifically requested or conveyed with the exception of the inclusion of legal advice in a parenthetical on page 2 in the middle of the page, which may be redacted. No waiver of privilege. | Redact and produce in part |
| REL00158543 | Attorney/Client | There is no A/C privilege because no legal advice was specifically requested or conveyed. | Produce in full |

| | | | |
|---|---|---|---|
| REL00277587 | Attorney/Client | Most of the document is not A/C communication because no legal advice is specifically requested or conveyed with exception of email on p. 3 from Kumagai to Yamashita and Yasuda and Nishiyama cc'd to Kawasaki that contains directions to legal and on p.5 at the top where there is lenguage in red at point 2 starting with "Future actions (Draft)," both of these portions of the communication can be redacted. The Court reaches this conclusion based on Kawasaki's declaration and the specific text. No waiver of privilege. | Redact and produce in part |
| REL00413492 | Attorney/Client | There is no A/C privilege over this document because no legal advice is specifically requested or conveyed. | Produce in full |
| REL00420546 | Attorney/Client | There is no A/C privilege over this document because this is merely a transmittal communication. | Produce in full |
| REL00472898 | Attorney/Client | Most of the document is not A/C privileged because no legal advice is specifically requested or conveyed, except that at the end of the last page there is a request for legal advice that can be redacted. No waiver of privilege. | Redact and produce in part |
| REL05150374 | Attorney/Client | The A/C privilege applies. This communication inserts advice from counsel regarding a draft agreement. No waiver of privilege. | May be withheld |
| REL06314049 | Attorney/Client; Work Product | The WP doctrine applies; there is no need to analyze the A/C privilege. The document was prepared in connection with litigation and would not have been prepared in this way but for litigation. No waiver of privilege. | May be withheld |
| REL08361767 | Attorney/Client; Work Product | The WP doctrine applies; there is no need to analyze the A/C privilege. This discussion concerns legal advice and the dispute with Whinstone that led to filing GMO's Complaint in this matter, which it did within 3 months after this discussion took place and after Haynes Boone was hired. No waiver of privilege. | May be withheld |

| | | | |
|---|---|---|---|
| REL10916788 | Attorney/Client | While this document does appear to contain legal advice regarding the interpretation of a contract, GMO has failed to meet its burden to show entitlement to privilege. There is no indication who drafted or received this document or for what purposes. GMO's motion papers also fail to address these questions. Therefore, GMO has not established sufficient factual basis to protect this document as privileged. | Produce in full |
| REL18849939 | Attorney/Client | This document is not protected by A/C privilege because no legal advice is specifically requested or conveyed in the document. | Produce in full |
| REL18850067 | Attorney/Client | This document is not protected by A/C privilege because no legal advice is specifically requested or conveyed in the document. | Produce in full |
| REL18850068 | Attorney/Client | This document is not protected by A/C privilege because no legal advice is specifically requested or conveyed in the document. | Produce in full |
| REL18850092 | Attorney/Client | Most of the document is not A/C privileged because there is no legal advice specifically requested or conveyed, except that on p. 3 on the bottom third of the page there is a parenthetical that reflects legal advice that may be redacted and on p. 6 at the bottom, point 2 (in red) starting with "Future ations (Draft)" may also be redacted. The Court makes this determination based on the declaration of Kawasaki on the basis that the writer seeks input on draft points. No waiver of privilege. | Redact and produce in part |
| REL18850098 | Attorney/Client | This document is not protected by A/C privilege because no legal advice is specifically requested or conveyed in the document. | Produce in full |

| | | | |
|---|---|---|---|
| REL18850171 | Attorney/Client | Most of the document is not A/C privileged because no legal advice is specifically requested or conveyed, except that on p. 4 there is a parenthetical reflecting legal advice that may be redacted and on p. 6 there is a point 2 starting "Future actions (Draft) that may be redacted. The Court makes this determination based on the declaration of Kawasaki on the basis that the writer seeks input on draft points. No waiver of privilege. | Redact and produce in part |
| REL18850937 | Attorney/Client | This document is not protected by A/C privilege because no legal advice is specifically requested or conveyed in the document. | Produce in full |
| REL18850938 | Attorney/Client | No A/C privilege applies; although GMO states that 3 pages reflect legal advice, the content is factual and/or relates to the business's negotiating policy (i.e., reflects business priorities); no legal advice is conveyed or requested. | Produce in full |
| REL18851430 | Attorney/Client | This document is not protected by A/C privilege because no legal advice is specifically requested or conveyed in the document. | Produce in full |
| REL18855687 | Attorney/Client | A/C privilege applies because the document was provided to a lawyer, who was cc'd but with specific request for legal advice. No waiver of privilege. | May be withheld |
| REL18855688 | Attorney/Client | A/C privilege applies because the document was provided to a lawyer, who was cc'd but with specific request for legal advice. No waiver of privilege. | May be withheld |