UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
GMO GAMECENTER USA, INC. and GMO
INTERNET, INC.,

                              Plaintiffs,                            **22-CV-5974 (JPC) (KHP)**

            -against-

WHINSTONE US, CORPORATION,                                     **OPINION AND ORDER ON**
                                                              **MOTION FOR**
                              Defendant.                        **RECONSIDERATION**
----------------------------------------------------------------X

**KATHARINE H. PARKER, United States Magistrate Judge:**

Plaintiffs GMO Gamecenter USA and GMO Gamecenter Internet Group (together,

"GMO") move for reconsideration (ECF No. 389) of the Court's order which denied their request

to file a motion to compel Defendant Whinstone US, Corp. ("Whinstone") to produce an

itemized privilege log (ECF No. 369).  For the reasons that follow, the motion is **denied**.

**LEGAL STANDARD**

A motion for reconsideration is governed by Federal Rule of Civil Procedure 59(e) and

Local Rule 6.3.  Reconsideration is "an extraordinary remedy to be employed sparingly in the

interests of finality and conservation of scarce judicial resources." *Drapkin v. Mafco Consol. Grp.,*

*Inc.*, 818 F. Supp. 2d 678, 695 (S.D.N.Y. 2011) (internal citation and quotation marks omitted).

The Second Circuit has held that the standard for granting a motion to reconsider "is strict, and

reconsideration will generally be denied unless the moving party can point to controlling

decisions or data that the court overlooked -- matters, in other words, that might reasonably be

expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255,

257 (2d Cir. 1995).  Reconsideration is also justified where the moving party demonstrates "an

intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Henderson v. Metro. Bank & Tr. Co.*, 502 F. Supp. 2d 372, 376 (S.D.N.Y. 2007). The standard aims to prevent a losing party from "plugging the gaps of a lost motion with additional matters." *SEC v. Ashbury Capital Partners, L.P.*, No. 00 Civ. 7898, 2001 WL 604044, at *1 (S.D.N.Y. May 31, 2001) (quoting *Carolco Pictures, Inc. v. Sirota*, 700 F. Supp. 169, 170 (S.D.N.Y. 1988)). In other words, a Motion for Reconsideration is not an opportunity for the moving party to take a "second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (citation and internal quotation marks omitted). A motion for reconsideration should be denied "where the moving party seeks solely to relitigate an issue already decided." *Shrader*, 70 F.3d at 257.

## DISCUSSION

GMO has failed to show that the court overlooked anything on the prior motion or that reconsideration is warranted to avoid clear error or manifest injustice. Before, at, and after the May 22, 2025 conference, the Court considered GMO's arguments raised in its letter—which did not include any of case law they now cite[1] (*see* ECF No. 355)—and concluded that such a motion would be inappropriate in the presence of the more robust motion to compel Whinstone's production of matter withheld as privileged, which at the time of the Court's denial of leave to file a motion for an itemized privilege log was *sub judice*.

GMO's chief argument is that it needs an itemized privilege log to support its challenges to Whinstone's privilege assertions. This argument failed then and fails again now. Indeed, as

---

[1] "Courts will not entertain arguments that could have been raised but were not raised before the just-issued decision." *Banister v. Davis*, 590 504, 516 (2020).

the Court found while deciding that motion, GMO adequately challenged a number of Whinstone's documents chiefly using the categorical log provided by Whinstone.[2] (*See generally* ECF No. 420.)  The Court subsequently decided that motion partially in GMO's favor, which further obviates the need for an itemized privilege log, since Whinstone was also ordered to re-review (and produce) documents withheld as privileged that may not have been reviewed in-camera but nevertheless fall within the Court's opinion. (*See id.*)  Accordingly, the motion for reconsideration is **denied**.[3]

## **CONCLUSION**

For these reasons, the motion at ECF No. 389 is **denied**.

DATED:         New York, New York
               August 8, 2025

_Katharine H Parker_

KATHARINE H. PARKER
United States Magistrate Judge

---

[2]  It is true that the metadata log provided by Whinstone to the Court was helpful in the Court's review, but it was not necessary to GMO's challenge.

[3]  While a motion for reconsideration "is not a vehicle for . . . securing a rehearing on the merits," *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012), the Court has considered the other merits arguments GMO raises and finds them equally unavailing.