

Debevoise & Plimpton LLP
66 Hudson Boulevard
New York, NY 10001
+1 212 909 6000

August 8, 2025

**Via ECF**

The Honorable John P. Cronan
U.S. District Court for the Southern District of New York
500 Pearl Street, Room 1320
New York, NY 10007

    ***Re:***     ***GMO Gamecenter USA, Inc. and GMO Internet Group, Inc. v. Whinstone US, Inc.*, No. 1:22-cv-5974 (S.D.N.Y.)**

Dear Judge Cronan:

    We write on behalf of Whinstone US, Inc. ("Whinstone") and non-party Riot Platforms, Inc. ("Riot") in accordance with Rule 4.B.ii of the Court's Individual Rules and Practices in Civil Cases. On August 5, 2025, GMO Internet Group, Inc. and GMO Gamecenter USA, Inc. (collectively, "GMO") filed an opposition to Whinstone's objection to Magistrate Judge Parker's ruling as it relates to the privileged nature of certain documents prepared while Whinstone was assessing whether to terminate its contract with GMO. (*See* ECF Nos. 432 & 470.) The opposition was partially redacted because GMO referred to (*i*) certain confidential financial models prepared by Whinstone and Riot and (*ii*) information that Whinstone maintains is privileged, but that was produced to GMO pursuant to Judge Parker's order. GMO also filed three exhibits under seal (ECF Nos. 471-1, 471-2, 471-5), and redacted portions of a fourth exhibit containing an excerpt of the transcript from Whinstone's Rule 30(b)(6) deposition (ECF No. 471-3) (the "Exhibits").[1] As explained below, the opposition and transcript excerpt were appropriately redacted, and the remaining exhibits were appropriately filed under seal.

    "'The Supreme Court has noted that every court has supervisory power over its own records and files.'" *Newsday LLC v. Cnty. of Nassau*, 730 F.3d 156, 163 (2d Cir. 2013) (quoting *Nixon v. Warner Commc'n, Inc.*, 435 U.S. 589, 598 (1978)). The Second Circuit has held that courts have the power to forbid the disclosure of information and documents. *See F.D.I.C. v. Ernst & Ernst*, 677 F.2d 230, 232 (2d Cir. 1987). When deciding whether a document should be sealed, a court must consider the common law right of public access to documents. *See Lugosch v. Pyramid Co. of Onondaga*, 435. F.3d 110, 119 (2d Cir. 2006). In order for the presumption of public access apply, the documents must be considered "judicial documents." *Id.* A document becomes a "judicial document" when it is "'relevant to the performance of the judicial function and useful in the judicial process.'" *Id.* (quoting *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995)). A court can seal documents it if it concludes that the presumption in favor of access

---

[1] GMO sent unredacted copies of these materials to the Court via email on August 5, 2025.

is outweighed by other factors such as impeding judicial efficiency and privacy concerns from the parties resisting disclosure. *Id.* at 119-20. By contrast, "documents such as those passed between the parties in discovery often play no role in the performance of Article III functions and so the presumption of access to these records is low." *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 142 (2d Cir. 2016) (internal quotations omitted).

The Exhibits and the portions of the opposition referring to them were appropriately filed under seal because they reflect Whinstone's and Riot's internal and non-public financial modeling:

- Exhibit 1 (ECF No. 471-1) is a spreadsheet reflecting a consolidated financial summary with cash flow details for Riot, and detailed historic and forecasted financial metrics.

- Exhibit 2 (ECF No. 471-2) is a spreadsheet detailing financial metrics regarding Riot's corporate model, which includes details on consolidated cash flow, power usage and related costs, and profit and loss calculations for Riot and certain subsidiaries.

- Exhibit 3 (ECF No. 471-3) contains excerpts from Whinstone's Rule 30(b)(6) deposition transcript concerning Whinstone's internal financial modelling.

- Exhibit 5 (ECF No. 471-5) is an internal presentation providing a breakdown of Riot's cashflows, which includes detailed metrics on the sources of Riot's income and expenditures.

Whinstone's and Riot's "interest in protecting [the] confidential business information" illustrated in these documents far outweighs any presumption of public access, particularly so for Riot given that the "privacy interests of innocent third parties" is a factor that should "weigh heavily in a court's balancing equation." *S.E.C. v. TheStreet.Com*, 273 F.3d 222, 232 (2d Cir. 2001); *see also Closed Joint Stock Co. "CTC Network" v. Actava TV, Inc.*, 2016 WL 1364942, at *4 (S.D.N.Y. Mar. 28, 2016) ("[D]etailed financial information concerning a privately held business, not previously disclosed to the public, will in most cases warrant confidential treatment."); *Fitzpatrick v. Am. Int'l Grp., Inc.*, 2012 WL 5838194, at *1 (S.D.N.Y. Oct. 26, 2012) (granting motion for leave to make redactions to remove "pricing information").

The references to CAT 20, 21, 49, 51 and 52 in the opposition also were appropriately redacted because Whinstone maintains that those materials are privileged and thus a description of their contents should not be made publicly available. It is standard practice for parties to submit information for *in camera* review where such information is protected from disclosure by the attorney-client privilege and work-product doctrine. *See, e.g.*, *Procter & Gamble Co. v. Ultreo, Inc.*, 574 F. Supp. 2d 334, 335 (S.D.N.Y. 2008) ("Making an *in camera* submission of materials that counsel contends are privileged is a practice both long-standing and routine in cases involving claims of privilege.") (quoting *In re Grand Jury Subpoenas Dated Mar. 19, 2002 & Aug. 2, 2002*, 318 F.3d 379, 386 (2d Cir. 2003)).

3

      For the reasons set forth above, Whinstone and Riot respectfully request that the Exhibits and unredacted version of the opposition remain under seal.

Respectfully submitted,

*/s/ Brandon Fetzer*
Brandon Fetzer
bfetzer@debevoise.com


      The request is granted. The Court finds this limited sealing warranted under *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006), because the privacy interest in sensitive business information outweighs the value of public disclosure. Moreover, the proposed redactions are narrowly tailored to protect those interests.

SO ORDERED
August 11, 2025
New York, New York

                                              JOHN P. CRONAN
                                   United States District Judge