UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GMO GAMECENTER USA, INC. and GMO INTERNET GROUP, INC., <br><br> *Plaintiffs*, <br><br> - against - <br><br> WHINSTONE US, INC., <br><br> *Defendant.* <br><br> WHINSTONE US, INC., <br><br> *Counterclaim Plaintiff*, <br><br> - against - <br><br> GMO GAMECENTER USA, INC. and GMO INTERNET GROUP, INC., <br><br> *Counterclaim Defendants*. | No. 1:22-cv-05974-JPC <br><br><br> **PROTECTIVE ORDER** |

**HON. KATHARINE H. PARKER, U.S. MAGISTRATE JUDGE:**

By letter motion dated August 19, 2025, Plaintiffs GMO Gamecenter USA, Inc. ("GMO-G") and GMO Internet Group, Inc. ("GMO-I," together with GMO-G, "GMO") seek a court order determining the location, date, and length of the deposition of GMO executive Masatoshi Kumagai sought by Defendant Whinstone US, Inc. ("Whinstone"). This Court previously ordered (and declined to stay) Kumagai's deposition. (ECF Nos. 367, 458.) The Deposition must take place by September 22, 2025. (ECF No. 458.) GMO now requests a court order requiring Kumagai be deposed either in Tokyo, Japan, or in Hawaii. (ECF No. 486.) Whinstone argues that the deposition must proceed in New York and that it shall continue day-to-day until completed. (ECF No. 490.) For the following reasons, the Court **grants in part** GMO's motion.

Federal Rule 26(c) permits the court to issue an order "to protect a party or person from annoyance . . . oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1)(D).  As to Whinstone's suggestion that this dispute was subsumed within the prior protective order motion, it is not correct.  That motion sought to quash the subpoena under the apex doctrine.  No motion for the relief sought in GMO's letter had been filed, in large part because GMO likely did not know at the time that Whinstone would change its position regarding where to conduct the deposition.  Thus, this Court may still issue a protective order regarding these issues.

Under Rule 30(d)(1), "[u]nless otherwise stipulated or ordered by the court, a deposition is limited to one day of 7 hours.  The court must allow additional time . . . if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination."  Here, an interpreter is required, which will cause necessary delays in the deposition.  The Court thus overrules Whinstone's indefinite deposition notice and limits it to two full days of seven hours each.

Next, "[c]ourts in this District have long enunciated the policy of requiring a plaintiff who chooses this district as his forum to appear for deposition in this forum absent compelling circumstances." *Cerco Bridge Loans 6 LLC v. Schenker*, 768 F. Supp. 3d 559, 585 (S.D.N.Y. 2025) (cleaned up).  That said, "there is no absolute rule as to the location of the deposition of a nonresident plaintiff." *Spiegler v. Mish Mish Inc.*, 719 F. Supp. 3d 374, 376 (S.D.N.Y. 2024) (internal quotation marks removed).  Indeed, that principle "loses some weight where the plaintiff . . . must bring his suit in one particular jurisdiction or none at all." *Id.*

This is just such a case.  The Texas Agreement supplied a forum selection clause for New York. (ECF No. 106-1, ¶ 18.1).  As a result, GMO was not at liberty to bring the case elsewhere.

GMO. Further, as this Court previously found, Kumagai is a hands-on executive who runs a large company based in Japan.

The Court also notes that Whinstone's opposition to GMO's protective order motion expressly stated, "Whinstone is willing to hold his deposition at a more convenient location for Mr. Kumagai, such as in Los Angeles, or even at the consulate in Japan if available (or another location in Asia) if Mr. Kumagai would prefer." (ECF No. 361, at 21.) Whinstone's argument that the Court did not set this parameter in its order on GMO's motion is utterly unavailing. There was no reason to require one or another location: The location of the deposition was not the subject of that dispute, and the Court's order directed the parties to confer further regarding the deposition, so the Court understood there would be further discussion of Whinstone's offers to conduct the deposition elsewhere. Now, in its letter, Whinstone presents no reason, much less a convincing one, to go back on its representation to the Court that it would be willing to conduct the deposition outside of New York. The Court believed Whinstone when it made this representation. The Court in its discretion is therefore inclined to hold Whinstone to its word and permit Kumagai some leeway as to the location of the deposition. Accordingly, the Court will allow the deposition to proceed in either Tokyo or Hawaii, at Whinstone's election of one out of the two.

Regarding the date of the deposition, the Court will not order a date at this time. The parties still have until September 22, 2025, to conduct the deposition. That deadline is unlikely to be extended. The parties shall meet and confer regarding the two days to conduct the deposition. However, the parties should exhaust all good-faith efforts to ensure that the

deposition days run consecutively before seeking further order of the Court regarding the date of the deposition.

Accordingly, the deposition of Kumagai shall take place before September 22, 2025, over a maximum of two days of seven-hours each, Whinstone shall elect to take the deposition at a mutually convenient location either in (1) Tokyo or (2) Hawaii, and the parties shall exhaust all good-faith efforts to ensure the deposition occurs on two consecutive business days.

The Clerk is respectfully directed to terminate the motion at ECF No. 486.

**SO ORDERED.**

DATED:   New York, New York
            August 25, 2025

_____
KATHARINE H. PARKER
United States Magistrate Judge